﻿Citation Nr: AXXXXXXXX
Decision Date: 01/11/19 Archive Date: 01/11/19

DOCKET NO. 180920-518
DATE: January 11, 2019

ORDER

A compensable rating for erectile dysfunction is denied. 

An effective date of February 21, 2014, but no earlier, for the grant of service connection for erectile dysfunction, is granted. 

An effective date of February 21, 2014, but no earlier, for special monthly compensation (SMC) for loss of use of a creative organ, is granted.

An earlier effective date prior to January 21, 2004, for the grant of service connection for right epididymitis (now characterized as bilateral epididymitis), is denied. 

FINDINGS OF FACT

1. The Veteran has erectile dysfunction but penile deformity has not been demonstrated. 

2. A February 21, 2014 claim for an increased rating was not received within one year of the date on which it was factually ascertainable that the Veteran had erectile dysfunction associated with his service-connected epididymitis, and there was no pending or unadjudicated claim relating to epididymitis or erectile dysfunction prior to February 21, 2014. 

3. The grant of service connection for the Veteran’s bilateral epididymitis (previously left-sided only) has been awarded since January 21, 2004, the Veteran’s initial claim for service connection for epididymitis.

CONCLUSIONS OF LAW

1. The criteria for a separate, compensable rating for erectile dysfunction are not met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. § 4.115b, Diagnostic Code 7522 (2017).

2. The criteria for an effective date of February 21, 2014, but no earlier, for service connection for erectile dysfunction are met. 38 U.S.C. §§ 5101 (a), 5107(b), 5110(a) (2012); 38 C.F.R. §§ 3.155, 3.400 (2017).

3. The criteria for an effective date of February 21, 2014, but no earlier, for SMC for loss of use of a creative organ are met. 38 U.S.C. §§ 5101 (a), 5107(b), 5110(a) (2012); 38 C.F.R. §§ 3.155, 3.400 (2017).

4. The criteria for an effective date prior to January 21, 2004, for the grant of service connection for right epididymitis (now characterized as bilateral epididymitis) are not met. 38 U.S.C. §§ 5101 (a), 5107(b), 5110(a) (2012); 38 C.F.R. §§ 3.155, 3.400 (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1966 to June 1981. This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a September 2018 rating decision.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Board further notes that the issues of entitlement to service connection for diabetes mellitus and for service connection for Parkinson’s disease were remanded by the Board in September 2018. These issues are part of a separate appeal stream and the RO has not yet completed the development ordered by the Board. As a result, the Board will not address those issues at this time.

Laws and Analysis for Erectile Dysfunction and SMC

Rating for Erectile Dysfunction

The Veteran’s claim for service connection for erectile dysfunction was granted in connection with his claim for service connection for right testicular pain, initially filed on February 21, 2014. In a February 2017 rating decision, the RO granted service connection for right epididymitis (to be evaluated with the already service-connected left-sided epididymitis) effective February 21, 2014. Service connection for erectile dysfunction was also granted with an effective date of January 26, 2017, the date the RO found that the evidence demonstrated erectile dysfunction. 

The Veteran’s erectile dysfunction is properly evaluated under Diagnostic Code 7522. Diagnostic Code 7522 provides a 20 percent rating for a deformity of the penis with loss of erectile power. 38 C.F.R. § 4.115b, Diagnostic Code 7522. The rating schedule authorizes the assignment of a 0 percent (noncompensable) rating in every instance in which the rating schedule does not provide for such a rating and the requirements for a compensable rating are not met. 38 C.F.R. § 4.31. A footnote to this diagnostic code indicates that claims for penis deformities should be reviewed for entitlement to SMC. See 38 U.S.C. § 1114 (k) (2012); 38 C.F.R. § 3.350 (k) (2017). SMC is payable for anatomical loss or loss of use of a creative organ. Id.

Here, a compensable rating for erectile dysfunction is not warranted. Although the Veteran has loss of erectile power, neither the lay nor the medical evidence reflects penile deformity. The Veteran reported normal anatomy with no penile deformity or abnormality during the November 2010, February 2015, and January 2017 VA examinations. The remaining evidence of record does not show that the Veteran has a penile deformity.

The Board finds that there is no other provision of the code that would afford the Veteran a compensable evaluation for his erectile dysfunction. Further, the Veteran has already been granted SMC for loss of use of a creative organ.

Accordingly, the claim for entitlement to a compensable rating for erectile dysfunction is denied. As the evidence of record is not roughly in equipoise, there is no doubt to resolve. 38 U.S.C. § 5107 (2012); 38 C.F.R. § 3.102. 

Earlier Effective Date for Erectile Dysfunction and SMC

The Veteran has been awarded service connection for erectile dysfunction associated with his service-connected bilateral epididymitis effective January 26, 2017. 

By way of procedural background, a January 2005 rating decision granted service connection for left epididymitis effective January 21, 2004 and assigned a noncompensable rating. The Veteran was notified of the rating decision, but did not appeal the decision. As such, the January 2005 rating decision became final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103 (2017).

In September 2010, the Veteran filed a claim for an increased rating for his service-connected left epididymitis. A July 2011 rating decision continued the Veteran’s noncompensable rating. The Veteran was again notified of this rating decision, but did not appeal the decision. As such, the July 2011 rating decision became final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103 (2017).

On February 21, 2014, the Veteran filed a claim for service connection for right testicular pain and for an increased rating for his service-connected left epididymitis disability. In a February 2015 rating decision, the RO denied a compensable rating for left epididymitis and denied service connection for right testicular pain. A Notice of Disagreement was filed with both issues in February 2015. 

Thereafter, in a February 2017 rating decision, the RO granted service connection for right epididymitis and evaluated the disability as noncompensable together with the already service-connected left-sided epididymitis. The RO also granted service connection for erectile dysfunction and SMC effective January 26, 2017, the date the RO determined that the evidence showed a diagnosis of erectile dysfunction. 

In March 2017, the Veteran filed a NOD with the effective date assigned for the award of service connection for erectile dysfunction and SMC. Additionally, the Veteran disagreed with the effective date and the rating for his now service-connected bilateral epididymitis. In March 2017 and June 2017, the RO issued Statements of the Case (SOC) which addressed (among other claims) the Veteran’s claims. Substantive appeals were timely filed. 

In a September 2018 decision, the Board denied entitlement to a compensable rating for the service-connected bilateral epididymitis. 

The statutory guidelines for the determination of an effective date of an award are set forth in 38 U.S.C. § 5110. Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date of receipt of the claim, or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400.

VA law provides that the effective date of an award of increased compensation shall be the earliest date as of which it is factually ascertainable that an increase in disability had occurred, if application is received within one year from such date; otherwise, the effective date will be the date of VA receipt of the claim for increase, or date entitlement arose, whichever is later. 38 U.S.C. § 5110 (a), (b)(2); 38 C.F.R. § 3.400 (o); Hazan v. Gober, 10 Vet. App. 511 (1997); Harper v. Brown, 10 Vet. App. 125 (1997); VAOPGCPREC 12-98.

Regarding the effective date for the award of service connection for erectile dysfunction and for SMC, the Board finds that this claim was part and parcel of the Veteran’s increased rating claim for the service-connected left epididymitis disability, filed on February 21, 2014. In other words, the Veteran’s claim for increase for his service-connected epididymitis disability should have also been considered as an informal claim for associated erectile dysfunction and SMC based on the same. 

The February 2017 rating decision on appeal awarded service connection for erectile dysfunction and SMC based on loss of use of a creative organ. An effective date of January 26, 2017, was assigned for those awards based on the date of a VA examination pursuant to which an examiner concluded that the Veteran’s erectile dysfunction was the result of his epididymitis. The Veteran contends that earlier effective dates are warranted.

Review of the claims file shows that service connection for erectile dysfunction was granted as secondary to the Veteran’s epididymitis disability during the course of a claim for an increased rating, which was received on February 21, 2014. Thus, the award of service connection for erectile dysfunction is viewed as a component of the Veteran’s February 21, 2014 claim for an increased rating for his epididymitis disability. Accordingly, an effective date as early as February 21, 2013, is assignable if it is factually ascertainable that erectile dysfunction secondary to the epididymitis was incurred in the one-year period prior to February 21, 2014. 38 C.F.R. § 3.400 (o)(2). However, if the evidence shows that the increase occurred earlier than one year prior to the date of the claim, then the effective date is no earlier than the date of the claim. See Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010).

Here, the evidence of record shows that the Veteran was diagnosed with erectile dysfunction prior to February 21, 2014 (see November 2010 VA examination report noting that the Veteran had erectile dysfunction); as such, the onset date of the Veteran’s erectile dysfunction was well over one year prior to February 21, 2014. Thus, the earliest effective date possible in this case is the February 21, 2014, date of receipt of the underlying claim for an increased rating.

Moreover, there is no indication of any pending or unadjudicated formal or informal claim for erectile dysfunction prior to the February 2014 increased rating claim for epididymitis. Nor is there evidence of an unadjudicated or pending claim for increased rating for the epididymitis. While the Veteran did previously file claims of an increased rating for his then service-connected left epididymitis, those claims were finally adjudicated in unappealed rating decisions as discussed above. 

Based on the foregoing, the Board finds that the evidence of record reveals that an informal claim for erectile dysfunction and SMC for loss of use of a creative organ was constructively received on February 21, 2014 (date of receipt of the increased rating claim for epididymitis), and the earliest factually ascertainable date that the Veteran was entitled to service connection for erectile dysfunction and SMC for loss of use of creative organ is more than one year prior to receipt of the increased rating claim. For these reasons, the date of claim controls and an effective date of February 21, 2014, and no earlier, for the awards of service connection for erectile dysfunction and SMC for loss of use of creative organ is warranted. 38 U.S.C. § 5110(b)(2); 3.400(o)(2). 

Effective Date for Right Epididymitis

The Veteran is challenging the effective date assigned for his right epididymitis as determined in the February 2017 rating decision. In this regard, the February 2017 rating decision granted service connection for right epididymitis effective February 21, 2014, the date of the Veteran’s claim for service connection for right testicular pain.

That notwithstanding, the February 2017 rating decision also noted that the Veteran’s previously service-connected left epididymitis and his right epididymitis were now being rated together. The corresponding February 2017 rating decision codesheet indicated that the Veteran’s “bilateral chronic epididymitis (previously left sided only, also claimed as testicle pain)” was made effective January 21, 2004. 

In other words, the Veteran has been awarded service connection for his bilateral epididymitis for the entire initial rating period. See January 2004 VA Form 21-526, Application for Compensation (Veteran’s initial claim for a testicle disorder). The Veteran has not maintained, and the evidence does not otherwise suggest, that an effective date prior to January 21, 2004, is warranted. Accordingly, the claim is denied. 

 

S. B. MAYS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD R. Casadei, Counsel