﻿Citation Nr: AXXXXXXXX
Decision Date: 01/15/19 Archive Date: 01/14/19

DOCKET NO. 180524-519
DATE: January 15, 2019

ORDER

Entitlement to an effective date earlier than August 1, 2017, for a 70 percent rating for major depressive disorder is denied.

Entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

FINDINGS OF FACT

1. VA received a claim for an increased rating for major depressive disorder on August 1, 2017; a factually ascertainable increase in the severity of the Veteran’s major depressive disorder to 70 percent is not shown within the year prior.

2. The Veteran meets the schedular requirements for individual unemployability.

3. The Veteran’s service-connected disability does not render him unable to secure or follow a substantially gainful occupation.

CONCLUSIONS OF LAW

1. The criteria for an effective date earlier than August 1, 2017, for the award of a 70 percent rating for major depressive disorder have not been met. 38 U.S.C. § 5107, 5110; 38 C.F.R. § 3.102, 3.400, 4.7, 4.130, Diagnostic Code (DC) 9434.

2. The criteria for individual unemployability have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.1, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from April 1964 to September 1965. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the April 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested evidence submission with the opportunity to submit evidence within 90 days of the notice of disagreement. As that time has passed, the Board will proceed to adjudicate the issues on appeal. 

1. Entitlement to an effective date earlier than August 1, 2017, for the increased rating of 70 percent for major depressive disorder

The Veteran contends that he should be assigned an earlier effective date for the award of a70 percent rating for his major depressive disorder.

Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (2012); 38 C.F.R. § 3.400 (2017). 

An exception to this rule provides that the effective date of an award for increased disability compensation shall be the earliest date as of which it is factually ascertainable that an increase in disability has occurred, if the claim is received within one year from such date; otherwise, it is the date of receipt of the claim. 38 U.S.C. § 5110 (b)(2); 38 C.F.R. § 3.400 (o)(2). “[A]n increase in a veteran’s service-connected disability must have occurred during the one-year period prior to the date of the veteran’s claim in order to receive the benefit of an earlier effective date.” Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010) (discussing 38 U.S.C. § 5110 (b)(2) and 38 C.F.R. § 3.400 (o)(2)). If the increase in disability is shown to have occurred after the date of claim, the effective date is the date of increase. See 38 U.S.C. §5110 (b)(2); Harper v. Brown, 10 Vet. App. 125 (1997); 38 C.F.R. § 3.400 (o)(1); VAOPGCPREC 12-98 (1998). 

Prior to March 25, 2015, a claim could be either a formal or informal written communication “requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit.” See 38 C.F.R. § 3.1 (p) (2014). Effective March 24, 2015, however, VA amended its adjudication regulations to require that all claims governed by VA’s adjudication regulations be filed on standard forms prescribed by the Secretary. See 79 Fed. Reg. 57,660 (Sept. 25, 2014). This rulemaking also eliminated the constructive receipt of VA reports of hospitalization or examination and other medical records as informal claims for increase, and revised 38 C.F.R. § 3.400 (o)(2). The instant claim was received on August 1, 2017.

The General Rating Formula for Mental Disorders at 38 C.F.R. § 4.130, DC 9434 provides the following ratings for mental disorders such as major depressive disorder:

A 70 percent rating is warranted where there is occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships. 

This list of symptoms is meant to reflect examples of symptoms that would warrant a particular evaluation, but are not meant to be exhaustive. The Board need not find all or even some of the symptoms to award a specific evaluation. Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002); see also Vazquez-Claudio v. Shinseki, 713 F.3d 112, 117 (Fed. Cir. 2013) (explaining that the symptoms that could give rise to a given rating are those in like kind, i.e., of similar duration, severity, and frequency, to those provided in the non-exhaustive lists). 

Service connection for major depressive disorder was granted in a November 2013 rating decision, with an initial evaluation of 10 percent, effective September 9, 2009. The Veteran did not appeal that rating decision and new and material evidence was not received within the one-year period thereafter. Thus, it became final. See 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103.

The Veteran filed a VA Form 21-526EZ for “depression s/c” that was received at VA on August 1, 2017. The RO properly treated this as a claim for increase. There are no earlier, unadjudicated informal claims indicating that the Veteran desired a higher rating, prior to March 24, 2015; and no formal claims for a higher rating between March 24, 2015, and August 1, 2017. As such, August 1, 2017 is the earliest allowable effective date - absent evidence of a factually ascertainable increase to the 70 percent level within the one-year look back period under 38 C.F.R. § 3.400 (o)(2); Gaston.

The evidence of record does not support an increase in disability in the one year prior to the August 1, 2017 filing. Rather, the increase to the current 70 percent rating was awarded based on the findings of a September 2017 VA examination.

 VA treatment records from August 2016 through August 2017 do not contain sufficient evidence showing symptomatology that would support a 70 percent rating. The only relevant record is an October 2016 mental health evaluation. This shows the Veteran was generally functioning well. He denied severe emotional distress or anxiety. He did not describe panic symptoms, hopelessness or obsessive behavior. Some insomnia was reported. Further, his mood was noted to be stable and he denied long bouts of depression. He was independent in activities of daily living and was noted to be active in his community; he also socialized with friends and attended church. He denied suicidal thoughts, plan or intent. On objective mental status examination, the Veteran was dressed appropriately and his behavior was normal. Affect was full and appropriate, and his speech was normal. Memory was grossly intact. Thought processes and content were not described as abnormal and, hallucinations and delusions were denied. Impulse control was good, although insight and judgment were only fair. Overall, the examining clinician determined that his depressive disorder was of only mild severity. The Veteran’s treatment plan was continued without modifications. 

In consideration of the evidence, the Board does not find that there was a factually ascertainable increase to 70 percent within one year prior to the August 1, 2017 claim. Again, the increase to 70 percent was awarded primarily based on the findings of a September 2017 VA examination. The record does not contain sufficient evidence showing more severe symptomatology between August 2016 and August 2017 such that a 70 percent rating was warranted. In short, there is no basis for an earlier effective date and the appeal is denied.

2. Entitlement to a TDIU

The Veteran seeks a total rating based on individual unemployability. 

The AOJ found that the Veteran meets the schedular requirements for individual unemployability. The Veteran is service-connected for major depressive disorder, rated as 70 percent disabling effective August 1, 2017. 

Total disability ratings for compensation may be assigned when a veteran is unable to secure and follow a substantially gainful occupation. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. If the schedular rating is less than total, a total disability evaluation can be assigned based on individual unemployability if the Veteran is unable to secure or follow a substantially gainful occupation as a result of service connected disability provided that if there is only one such disability, this disability shall be ratable at 60 percent or more; if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16 (a). 

The central inquiry is “whether the Veteran’s service connected disabilities alone are of sufficient severity to produce unemployability.” Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Consideration may be given to the Veteran’s level of education, special training, and previous work experience when arriving at this conclusion; factors such as age or impairment caused by non-service connected disabilities are not to be considered. 38 C.F.R. §§ 3.341, 4.16, 4.19.

A review of the file shows that the Veteran did not submit a completed VA Form 21-8940, Application for Increased Compensation Based on Unemployability, even though one was provided to him in October 2017. While failure to complete the form is not fatal to a TDIU claim in and of itself, the failure to do so deprives the Board of information as to the Veteran’s employment history, educational history and training, and income information necessary to properly address a claim for TDIU. See generally, Wood v. Derwinski, 1 Vet. App. 190, 193 (1991).

Information gleaned from his VA treatment records indicate that the Veteran attained an education level of high school. VA treatment records also reflect that the Veteran is not employed.

At the September 2017 VA psychiatric examination, the Veteran indicated that his service occupational specialty was in food services and that he last worked as a vendor, 15 years prior. The Veteran reported that his inability to cope with pressure, and ability to be easily overwhelmed made it difficult to maintain employment. The examiner also noted the impact of low frustration tolerance on the Veteran’s employability; but did not indicate that he was so impaired that he would be unable to secure or follow a gainful occupation. Rather, the examiner indicated that the Veteran’s symptomatology produces occupational and social impairment with reduced reliability and productivity. 

Although the Veteran reported that he stopped working due to his inability to cope with work related stressors and work environment, the VA examiner’s assessment shows no more than an overall moderate level of occupational impairment. This is competent and probative evidence against the claim.

The Board notes that the Veteran’s prior work experience appears to have involved mostly light manual labor in food services and as a vendor. The competent evidence fails to show he would be precluded from continuing to obtain and maintain employment in a similar field and position involving light manual labor, due to his service-connected disability alone. The evidence does not suggest he experiences cognitive impairment, memory problems, an inability to follow directions or understand complex directions, or that his service-connected disorder would cause excessive absenteeism. While it appears that his occupational difficulties would likely revolve around interacting with co-workers and/or customers and handling stressful situations- the 2016 mental health evaluation shows that he is active in his community, attends church and socializes with friends. The 2017 examination report shows he has supportive friendships and is close with family members. The evidence does not support finding that he is unemployable solely due to his service-connected disability. 

In sum, the Board does not find that the Veteran’s service-connected major depressive disorder precludes his ability to secure or maintain substantially gainful employment consistent with his education and work history. 38 C.F.R. § 4.16. There is no doubt to be resolved in this regard and the claim for TDIU is denied. 38 U.S.C. § 5107; 38 C.F.R. §3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

DANA BENJAMIN-JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K. Vuong, Associate Counsel