**Larry W. HARPER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–618.

United States Court of Veterans Appeals.

March 4, 1997.

Richard D. Horn, Washington, DC, for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel;

and John D. Lindsay, Jr., Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

KRAMER, Judge.

The appellant, Larry W. Harper, appeals a March 28, 1995, decision of the Board of Veterans' Appeals (BVA or Board) that denied him an earlier effective date for an increased rating for schizophrenia. Record (R.) at 4–12. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the decision of the BVA.

## I. RELEVANT BACKGROUND

The appellant served in the U.S. Army from June 1980 to April 1981. R. at 21. In June 1984, he was granted service connection for chronic schizophrenia, rated at 30% disabling, effective December 1981. R. at 193–94. On July 16, 1990, the appellant submitted a claim to a regional office (RO) for an increased rating for his chronic schizophrenia. *See* R. at 359. On June 15, 1991, the appellant went to an emergency room "complaining of depression, many problems, homicidal and suicidal thoughts" (R. at 398), and was hospitalized until July 10, 1991 (R. at 398–99; *see* R. at 496, 628). The appellant did not return to his job after the hospitalization. R. at 496, 523–24, 566. The RO, in February 1994, granted the appellant a 100% disability rating based on hospitalization, effective June 15, 1991, and a 100% disability rating based on individual unemployability, effective August 1, 1991. R. at 784–86. The appellant's March 1994 "Statement in Support of Claim" that indicated, in essence, that he was entitled to an effective date before June 15, 1991, for his 100% rating (R. at 795), resulted in a March 1995 BVA decision denying an earlier effective date (R. at 4–12). The appellant then appealed to the Court.

■ In his brief, the appellant argues, in essence, that pursuant to 38 C.F.R. § 3.400(*o*)(2), he is entitled to an effective date of July 16, 1990, the date he submitted his claim for an increase. *See* Brief at 2. To the extent that the appellant (during administrative proceedings) raised the issue of entitlement to an earlier effective date on any other basis that issue is deemed abandoned on appeal. *See Bucklinger v. Brown,* 5 Vet. App. 435, 436 (1993) (claims not addressed in appellant's pleadings deemed abandoned).

## II. ANALYSIS

■ Section 5110(a), title 38, United States Code, provides that "[u]nless specifically provided otherwise in this chapter, ... a claim for increase[ ] of compensation ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." Section 5110(b)(2), title 38, United States Code, specifically provides otherwise by stating that "[t]he effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received *within one year* from such date." (Emphasis added.)

Sections 3.400(*o*)(1) and (2), title 38, Code of Federal Regulations, which implement the statutory subsections, provide as follows:

> *Increases* (38 U.S.C. [§§ ] 5110(a) and 5110(b)(2), ... )—(1) *General.* Except as provided in paragraph (*o*)(2) of this section ..., date of receipt of claim or date entitlement arose, whichever is later....
>
> (2) *Disability compensation.* Earliest date as of which it is factually ascertainable that an increase in disability had occurred if claim is received within 1 year from such date *otherwise, date of receipt of claim.*

38 C.F.R. § 3.400(*o*)(1), (2) (1996) (last emphasis added).

The appellant argues that because the date of the receipt of his claim was July 1990, the emphasized language of 38 C.F.R. § 3.400(*o*)(2) provides for that date to be the effective date. That phrase, however, refers to the situation in which a factually ascertainable increase occurred *more* than one year prior to the receipt of the claim for such increase. In the case on appeal, the filing of the claim preceded the increase. Because 38 U.S.C. § 5110(b)(2) and 38 C.F.R. § 3.400(*o*)(2) are applicable only where the

increase precedes the claim (provided also that the claim is received within one year after the increase), they are not applicable on these facts. As a consequence, the general rule applies, and thus, the effective date of the appellant's claim is governed by the later of the date of increase or the date the claim is received. Here, the later date is the date of increase, June 15, 1991.

### III. CONCLUSION

Upon consideration of the above, the Court holds that the appellant has not demonstrated that the BVA committed either factual or legal error which requires reversal or remand. *See* 38 U.S.C. § 7261(b); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). The March 28, 1995, BVA decision is AFFIRMED.