﻿Citation Nr: AXXXXXXXX
Decision Date: 02/25/19 Archive Date: 02/25/19

DOCKET NO. 180915-351
DATE: February 25, 2019

ORDER

Entitlement to a 10 percent rating for right fifth metatarsal postoperative scar is granted.

Entitlement to a 10 percent rating for left second metatarsal postoperative scar is granted.

Entitlement to a 10 percent rating for left ankle postoperative scar is granted.

Entitlement to an effective date of January 6, 2016 for the award of a compensable rating for right fifth metatarsal postoperative scar is granted.

Entitlement to an effective date of June 3, 2015, for the award of a compensable rating for left second metatarsal postoperative scar is granted.

FINDINGS OF FACT

1. The Veteran’s right fifth metatarsal, left second metatarsal and left ankle postoperative scars are painful scars; the scars measure less than 39 square centimeters, and are without objective evidence other functional impairment other than that for which service-connected is already in effect.

2. It is factually ascertainable that the Veteran’s right fifth metatarsal postoperative scar was painful as of the January 6, 2016 date of surgical treatment.

3. It is factually ascertainable that the Veteran’s left second metatarsal postoperative scar was painful as of the June 3, 2015 date of surgical treatment.

CONCLUSIONS OF LAW

1. The criteria for a 10 percent rating for right fifth metatarsal postoperative scar have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.159, 4.1, 4.2, 4.7, 4.10, 4.118, Diagnostic Codes 7801-7805 (2018).

2. The criteria for a 10 percent rating for left second metatarsal postoperative scar have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.159, 4.1, 4.2, 4.7, 4.10, 4.118, Diagnostic Codes 7801-7805 (2018).

3. The criteria for a 10 percent rating for left ankle postoperative scar have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.159, 4.1, 4.2, 4.7, 4.10, 4.118, Diagnostic Codes 7801-7805 (2018).

4. The criteria for an earlier effective date of January 6, 2016 for the award of an increased, 10 percent rating for right fifth metatarsal postoperative scar have been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.102, 3.400, 4.118, Diagnostic Code 7804 (2018). 

5. The criteria for an earlier effective date of June 3, 2015 for the award of an increased, 10 percent rating for left second metatarsal postoperative scar have been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.102, 3.400, 4.118, Diagnostic Code 7804 (2018). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from May 1990 to April 1996. The Veteran selected the Higher-Level Review lane when she submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board of Veterans Appeals (Board) and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Factual Background

In January 2016, the Veteran filed a claim for increased rating for her service-connected left ankle disability.

A February 2016 ankle Disability Benefits Questionnaire reflects that the Veteran had undergone surgery to the left ankle in June 2015. She had a well-healed scar of the left ankle, post lateral malleolus, measuring 4 centimeters by 1 centimeter. There were also scars of the dorsum second left toe from the 2015 surgery, and a scar of the lateral right foot newly healed/closed.

A March 2016 rating decision awarded a temporary 100 percent rating for the left ankle for the period from June 3, 2015, to October 1, 2015 on the basis of surgical treatment necessitating convalescence. In addition, the AOJ granted service connection for residual surgical scar of the left ankle, with a noncompensable evaluation assigned from June 3, 2015—the date of surgery.

On September 2016 VA foot examination, the examiner indicated that the Veteran had undergone left second metatarsal osteotomy in June 2015, and right foot open rigid internal fixation of the right fifth metatarsal in January 2016. The examiner noted signs and symptoms due to surgery of pain and symptomatic scar. The scars were located on the lateral aspect of the right foot, measuring 7 centimeters by .5 centimeters in length, and in between the left second and third web toe space, measuring 4 centimeters by .01 centimeters. The examiner noted that the scars did not have a total area equal to or greater than 39 square centimeters, were not painful or unstable, and were not located on the head, face, or neck.

The Veteran also underwent examination of the ankle in September 2016. The examiner observed a scar of the left lateral ankle measuring 4 centimeters in width by .01 centimeter in length. The scar was no painful, unstable, or measuring an area equaling or greater than 39 square centimeters.

A September 2016 VA scars examination reflects the Veterans’ report that the left ankle post-operative scar continued to be tender over the incision scar. At the time of examination, she was wearing bilateral Arizona braces with socks and her regular sneakers to support both ankles/feet. The scar on the left lateral ankle was linear and appeared well-healed with no keloid formation, erythema, or swelling. She stated that the scar was “very tender” with light touch and palpation and she grimaced when the skin over the scar was examined. The scar was not unstable, with frequent loss of covering of the skin over the scar. It measured 4 centimeters in length. There was no resulting limitation in function or additional related findings or complications.

The examiner diagnosed scar, residual of post-operative left ankle. 

In an October 2016 rating decision, the AOJ awarded an increased, 10 percent rating for left ankle postoperative scar effective September 26, 2016. The AOJ also granted service connection for right fifth metatarsal postoperative scar and assigned a noncompensable rating effective January 6, 2016—the date of the Veteran’s right foot surgery.

On VA scars examination in November 2016, the Veteran stated that she had 2 additional scars of the feet that were not addressed during her last scar examination. She reported that in June 2015, she had a neuroma resected between the second and third toe at the same time that she had her left ankle surgery. She indicated that the incision healed well; however, she developed pain post-operatively in the dorsal surface of her left foot proximal to the second toe. She expressed her belief that the incisional area may be causing the pain. The Veteran also reported that she saw her podiatrist in August 2016 and indicated that the screw might be protruding slightly or to that tendon slides over the area of the screw, or that the pain might be from adhesions in the area of the tendon. The Veteran noted that the pain occurred every day, and increased with activity such as walking or prolonged standing. 

In addition, the Veteran noted a scar in the area of the right lateral foot. She stated that she had sustained two fractures as a result of a fall. The more distal fracture was a spiral fracture that was managed with an open reduction and internal fixation with pins and screws. The more proximal fracture was a transverse fracture that was managed with a bone graft. She expressed the possibility that the incisional area was causing her pain. Her podiatrist indicated that he wanted to give her a year to heal prior to deciding whether the pain resolved or if she needed more surgery. She had increased pain in the area with prolonged walking or prolonged standing. 

Objectively, the examiner observed a scar on the lateral aspect of the right foot that was 7 centimeters by .5 centimeters. The scar was well-healed and stable. The scar was nontender with light pressure or gentle rubbing, but there was tenderness when pressure was applied, most pronounced over both fracture sites.

There was another scar on the dorsal surface of the left foot, proximal to the second toe, that was 4 centimeters by .1 centimeter. The scar was well healed and stable. There was no tenderness to light touch, gentle palpation, or gentle rubbing. However, there was mild tenderness when pressure was applied, and more severe pain in the area with movement of the toes, more severe with extension than with plantar flexion.

With respect to additional functional impact of the scar on the lateral aspect of the right foot, the examiner indicated that, the Veteran’s podiatrist felt that these structures were in the process of healing and that the surgical sites were most likely then cause of pain, and the examiner concurred. The incisional area was well-healed and stable, and nontender with light touch. However, when a deeper pressure was applied, there was pain, most pronounced at the fracture sites and indicative of underlying pathology involving those sites. While the pain was most likely secondary to pressure on the bone/surgical site, there was a possibility of adhesions at the surgical sites. In summary, the examiner found that the pain was extremely unlikely to be secondary to the well-healed incision, but likely due to the deeper structures of the foot.

With respect to the scar on the dorsal surface of the left foot, proximal to the second toe, the VA examiner noted the Veteran’s podiatrist’s report that the pain was due either to a screw that might be protruding slightly, or to the tendon that slides over the area of the screw, or from adhesions to the area of the tendon. The latter explanation is consistent with tenosynovitis involving the extensor tendon to the second and third toes. The VA examiner concurred with this assessment. She had increased pain in this area with walking and/or prolonged standing, which was extremely unlikely to be due to the well-healed incision, but was consistent with pain from a surgical site screw or tenosynovitis involving the extensor tendon to the second and third toes.

The examiner diagnosed scar of the right lateral foot, and scar of the dorsal surface of the left foot, proximal to second toe.

In a November 2016 rating decision, the RO granted service connection for left second metatarsal postoperative scar, and a noncompensable rating was assigned, effective September 26, 2016. A combined 20 percent rating for left ankle, right fifth metatarsal, and left second metatarsal postoperative scars was granted, effective November 2, 2016.

Increased Rating

Disability evaluations are determined by the application of the Schedule for Rating Disabilities, which assigns ratings based on the average impairment of earning capacity resulting from a service-connected disability. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

In order to evaluate the level of disability and any changes in condition, it is necessary to consider the complete medical history of the Veteran’s condition. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). 

The applicable rating criteria include Diagnostic Code 7801, which provides ratings for scars, other than the head, face, or neck, that are deep or that cause limited motion. Scars in an area or areas exceeding 6 square inches (39 sq. cm.) are rated 10 percent disabling. Note (1) to Diagnostic Code 7801 provides that a deep scar is one associated with underlying soft tissue damage. 38 C.F.R. § 4.118, Diagnostic Code 7801.

Diagnostic Code 7802 provides ratings for scars, other than the head, face, or neck, that are superficial or that do not cause limited motion. Superficial scars that do not cause limited motion, in an area or areas of 144 square inches (929 sq. cm.) or greater, are rated 10 percent disabling. Note (1) to Diagnostic Code 7802 provides that a superficial scar is one not associated with underlying soft tissue damage. 38 C.F.R. § 4.118, Diagnostic Code 7802.

Diagnostic Code 7804 pertains to unstable or painful scars. One or two scars that are unstable or painful warrant a 10 percent rating, while a 20 percent rating is warranted for three or four of such scars. Five or more scars that are unstable or painful are 30 percent disabling. Note (1) to Diagnostic Code 7804 provides that an unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar. 38 C.F.R. § 4.118, Diagnostic Code 7804.

Diagnostic Code 7805 provides that any other scars (including linear scars) and other disabling effects of scars should be evaluated even if not considered in a rating provided under diagnostic codes 7800-04 under an appropriate diagnostic code. 38 C.F.R. § 4.118, Diagnostic Code 7805.

1. Entitlement to increased ratings for postoperative scars of the right fifth metatarsal, left second metatarsal, and left ankle from November 2, 2016 to April 3, 2018

The AOJ found that the Veteran’s scarring disability was manifested by 3 painful scars of the right and left lower extremity, and assigned a 20 percent combined rating under Diagnostic Code 7804, effective November 2, 2016.

Various VA examinations in 2016 disclose three separate painful scars of the right foot, lateral aspect, left foot dorsal surface proximal to the second toe, and left ankle. No other painful scars have been identified.

The Board observes that the AOJ combined of three separate, painful scars involving different areas—the left foot, left ankle, and right foot—from different surgical treatment. Given that the scars involve different extremities and different underlying disabilities and surgical treatment, the Board resolves reasonable doubt in the Veteran’s favor, and finds that three separate, 10 percent ratings for each scar is warranted under Diagnostic Code 7804.

However, a rating in excess of 10 percent for any scar is not warranted.

In so finding, the Board observes that the scars are not shown to affect an area or areas exceeding 6 square inches (39 sq. cm). Accordingly, compensable ratings under Diagnostic Code 7801 or 7802 are not warranted, regardless of whether the scars are deep or superficial.

In considering whether the Veteran would be entitled to evaluation based upon limitation of the body part affected under 38 C.F.R. § 4.118, Diagnostic Code 7805, the Board finds that such an evaluation is not warranted given that there is no other impairment associated with the scars. The Veteran is already service-connected for the underlying disabilities of the right fifth metatarsal, left second metatarsal neuroma, and left ankle fracture and assigned ratings on the basis of pain and limitation of motion of the affected part.

The Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 369-70 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).”

Accordingly, the Board concludes that the 10 percent ratings for each scar of the left ankle, left second metatarsal, and right fifth metatarsal, but no higher, are warranted.

Effective Date

The Veteran also contends that she is entitled to earlier effective dates for the award of the compensable ratings for her service-connected scars of the left second metatarsal and right fifth metatarsal.

The AOJ determined that effective dates earlier than November 2, 2016 were not warranted for either scar.

The effective date of an award of increased compensation to a Veteran shall be the earliest date as of which it is ascertainable that an increase in disability has occurred, if application is received within one year of such date. 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2); Harper v. Brown, 10 Vet. App. 125 (1997). 

Otherwise, the effective date is the date of receipt of claim. 38 U.S.C. § 5110(b)(2); 3.400(o)(2). Under 38 U.S.C. § 5101(a), a specific claim must be filed in order for benefits to be paid or furnished to any individual under the laws administered by VA. See also 38 C.F.R. § 3.151(a). 

An informal claim is any communication indicating an intent to apply for one or more benefits, and must identify the benefit sought. 38 C.F.R. § 3.155(a).

1. Effective Date for the Award of a Compensable Rating for Right Fifth Metatarsal Postoperative Scar

By way of history, the AOJ granted service connection for right fifth metatarsal postoperative scar and assigned a noncompensable rating effective January 6, 2016—the date of the Veteran’s right foot surgery. The AOJ subsequently awarded a combined 20 percent rating for the Veteran’s service right fifth metatarsal postoperative scar along with two other scars effective November 2, 2016; however, the Board has determined that a separate 10 percent rating for this scar is warranted.

In this case, the Veteran requested increased rating for her right foot related to surgical treatment in January 2016. Treatment records indicate that the Veteran underwent open reduction internal fixation of the right fifth metatarsal on January 6, 2016, and thus the surgical scar was present as of this date.

The Board acknowledges that the examinations conducted following the surgery and prior to November 2, 2016, did not disclose pain on palpation of the scar itself. However, the Veteran has consistently reported pain stemming from the scar since the surgery and disputed the earlier examination findings, indicating that she told the examiner it was painful. In addition, the November 2, 2016 examination report reflects earlier onset of pain related to the scar. Accordingly, the Board resolves reasonable doubt in the Veteran’s favor and concludes that it is factually ascertainable that increase in disability occurred the date of surgery. 

Given that the Veteran submitted a claim for increase shortly after the surgery in January 2016, the Board concludes that an earlier effective date for the award of a 10 percent rating for right fifth metatarsal postoperative scar of January 6, 2016, is warranted.

2. Effective Date for the Award of a Compensable Rating for Left Second Metatarsal Postoperative Scar

In October 2016, the AOJ awarded service connection for left second metatarsal neuroma, effective May 10, 2013—the date the Veteran submitted a claim for service connection for the disability. As noted above, the Veteran underwent second toe osteotomy with screw for Morton’s neuroma at the same time she underwent surgical treatment for her left ankle in June 2015.

In a November 2016 rating decision, the AOJ granted service connection for left second metatarsal postoperative scar, and a noncompensable rating was assigned, effective September 26, 2016. In that same decision, the AOJ awarded a combined 20 percent rating for the Veteran’s service-connected left second metatarsal scar, along with scars of the right foot and left ankle, effective November 2, 2016—though the Board has determined that a separate 10 percent rating for this scar is warranted. 

The AOJ awarded an effective date of June 3, 2015 for the award of service connection for the left second metatarsal postoperative scar, as the Veteran had continuously prosecuted the claim for the left foot with evidence of surgery over the course of her appeal. However, an effective date than November 2, 2016, for the award of the compensable rating for this scar was denied.

Treatment records indicate that the Veteran underwent second toe osteotomy with screw for Morton’s neuroma on June 3, 2015, and thus the surgical scar was present as of this date.

The Board acknowledges that the examinations conducted following the surgery and prior to November 2, 2016, did not disclose pain on palpation of the scar itself. However, the Veteran has consistently reported pain stemming from the scar since the surgery and disputed the earlier examination findings. In addition, the November 2, 2016 examination report reflects earlier onset of pain related to the scar. Accordingly, the Board resolves reasonable doubt in the Veteran’s favor and concludes that it is factually ascertainable that pain from the surgical scar was present as of the date of surgery. 

(Continued on the next page)

 

Given the foregoing, the Board concludes that an earlier effective date for the award of a 10 percent rating for left second metatarsal postoperative scar of June 3, 2015, is warranted.

 

A. S. CARACCIOLO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD G. E. Wilkerson, Counsel