﻿Citation Nr: AXXXXXXXX
Decision Date: 03/19/19 Archive Date: 03/19/19

DOCKET NO. 181228-1373
DATE: March 19, 2019

ORDER

Entitlement to an effective date earlier than October 20, 2008 for the award of a 30 percent evaluation for bilateral plantar fasciitis with calcaneal bone spurs, is denied.

Entitlement to a rating in excess of 10 percent for carpal tunnel syndrome (median), right upper extremity, is denied.

Entitlement to a rating in excess of 10 percent for carpal tunnel syndrome (median), left upper extremity, is denied.

Entitlement to a compensable rating for surgical scar, status post ganglion cyst removal, right dorsal wrist, is denied.

Readjudication of the claim for service connection for bilateral glaucoma is not warranted.

FINDINGS OF FACT

1. The Veteran’s written statement requesting an increased evaluation of his service-connected disabilities was received on October 20, 2008. 

2. The evidence of record does not indicate it was factually ascertainable that an increase in disability of the bilateral plantar fasciitis with heel spurs had occurred within in one year prior to the October 20, 2008 claim for a higher rating of service-connected disabilities.

3. The Veteran’s carpal tunnel syndrome of the right and left upper extremity has been characterized by mild incomplete paralysis of the median nerve; moderate incomplete paralysis has not been shown.

4. The Veteran’s surgical scar, status post ganglion cyst removal, right dorsal wrist, resulted in, at worst, slight disability.

5. A July 2014 rating decision determined that new and material evidence had not been presented with respect to the claim for service connection for bilateral glaucoma; a notice of disagreement and/or new and material evidence was not submitted within one year of notice of that decision.

6. New evidence received after the July 2014 rating decision is not relevant to the issue of entitlement to service connection for bilateral glaucoma. 

CONCLUSIONS OF LAW

1. The criteria for an effective date earlier than October 20, 2008, for the award of a 30 percent evaluation for bilateral plantar fasciitis with calcaneal bone spurs, have not been met. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

2. The criteria for a rating in excess of 10 percent for carpal tunnel syndrome (median), right upper extremity, have not been met. 38 U.S.C. §§ 1155; 38 C.F.R. §§ 3.159, 4.124a, Diagnostic Code 8515.

3. The criteria for a rating in excess of 10 percent for carpal tunnel syndrome (median), left upper extremity, have not been met. 38 U.S.C. §§ 1155; 38 C.F.R. §§ 3.159, 4.124a, Diagnostic Code 8515.

4. The criteria for a compensable rating for surgical scar, status post ganglion cyst removal, right dorsal wrist, have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.71a, 4.73, Diagnostic Code 7805.

5. The criteria for readjudicating the claim for service connection for bilateral glaucoma have not been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105 (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. 

The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty in the United States Army from May 1974 to July 1975, from January 1980 to September 1986, and from September 1986 to January 1997. 

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form on May 25, 2018. Accordingly, the November 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Board notes that evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. See Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(w)(1), 131 Stat. 1105, 1114 (2017). The Veteran may file a Supplemental Claim and submit or identify this evidence. See § 2(i)(1), 131 Stat. at 1109. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Earlier Effective Date

1. Entitlement to an effective date earlier than October 20, 2008 for the award of a 30 percent evaluation for bilateral plantar fasciitis with calcaneal bone spurs.

The Veteran asserts entitlement to an effective date earlier than October 20, 2008 for the award of a 30 percent evaluation for bilateral plantar fasciitis with calcaneal bone spurs. By way of history, the Veteran filed a claim for increased evaluation on October 20, 2008. The AOJ granted a separate evaluation of 10 percent for right and left plantar fasciitis with heel spurs, effective October 20, 2008. 

Thereafter, by Board decision of February 2018, the Board granted an increased evaluation of 30 percent disabling. By RAMP rating decision of November 2018, the AOJ effectuated the Board’s grant of increased evaluation for bilateral plantar fasciitis and assigned an effective date of October 20, 2008.

For an increased rating claim, the effective date shall be the “date of receipt of the claim or the date entitlement arose, whichever is the later.” 38 C.F.R. § 3.400 (o)(1). An effective date for a claim for increase may also be granted prior to the date of claim if it is factually ascertainable that an increase in disability had occurred within one year from the date of claim. 38 C.F.R. §§ 3.400 (o)(2); 38 U.S.C. § 5110(b)(2). If the increase in severity occurred more than one year prior to the date of the claim, the increase is effective as of the date of the claim. Harper v. Brown, 10 Vet. App. 125 (1997).

Thus, determining an appropriate effective date for an increased rating under the effective date regulations involves an analysis of the evidence to determine (1) when a claim for an increased rating was received and, if possible, (2) when the increase in disability actually occurred. 38 C.F.R. §§ 3.155, 3.400(o)(2).

In the present case, despite the Veteran’s contentions, the objective medical evidence does not support or indicate that an increase in symptomatology occurred on an earlier occasion. Specifically, a review of VA treatment records prior to October 20, 2008 fail to show any reports or treatment for bilateral plantar fasciitis with calcaneal bone spurs. There is no medical evidence that his separately evaluated condition increased in severity or that any symptoms manifested during the year immediately preceding receipt of the October 20, 2008 claim for a higher rating. Further, the Board observes that the Veteran’s claim for an increased evaluation was in fact for his service-connected degenerative joint disease of the right hip (previously claimed as low back pain), but the AOJ’s awarded a separate evaluation for the left and right plantar fasciitis with heel spurs based on the results of a September 2009 VA contract examination for his hip condition. The Veteran’s treatment records during the one year prior to October 20, 2008 fail to show symptomatology warranting a higher rating. As entitlement to a 30 percent rating was not shown prior to the established date of claim, the appropriate effective date for the grant of a 30 percent rating is October 20, 2008, the date of receipt of the claim received by VA. 38 C.F.R. § 3.400 (o). 

In sum, absent evidence that an increase in disability occurred for the Veteran’s bilateral plantar fasciitis with calcaneal bone spurs, within one year from the date of claim, an earlier effective date is not warranted.

The pertinent legal authority governing effective dates is clear and specific, and the Board is bound by such authority. As the preponderance of the evidence is against the assignment of an effective date earlier than October 20, 2008 for the award of a 30 percent rating for bilateral plantar fasciitis with calcaneal bone spurs, the Board finds that the claim must be denied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Increased Ratings

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the appellant working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

2. Entitlement to a rating in excess of 10 percent for carpal tunnel syndrome (median), right upper extremity, from February 18, 2018 to May 25, 2018.

3. Entitlement to a rating in excess of 10 percent for carpal tunnel syndrome (median), left upper extremity, from February 18, 2018 to May 25, 2018.

By rating decision of May 2018, service connection was granted for carpal tunnel syndrome and assigned an initial rating of 10 percent disabling for the right upper extremity, and 10 percent disabling for the left upper extremity. The Veteran disagrees with the assigned evaluations. 

The Veteran’s carpal tunnel syndrome is rated under the criteria of 38 C F R § 4.124a, Diagnostic Code 8515, paralysis of the median nerve, which distinguishes between the major and minor extremities. The Veteran is shown to be right-handed.

Under Diagnostic Code 8515, a 10 percent rating is assigned for mild incomplete paralysis for both major and minor extremities. A rating of 30 percent (major) and 20 percent (minor) is assigned for moderate incomplete paralysis. A rating of 50 percent (major) and 40 percent (minor) is assigned for severe incomplete paralysis. A rating of 70 percent (major) and 60 percent (minor) is assigned for complete paralysis of the median nerve the hand is inclined to the ulnar side, the index and middle fingers are more extended than normally, there is considerable atrophy of the muscles of the thenar eminence, the thumb is in the plane of the hand ape hand, pronation is incomplete and defective, there is absence of flexion of the index finger and feeble flexion of the middle finger, cannot make a fist, index, and middle fingers remain extended, cannot flex distal phalanx of thumb, defective opposition and abduction of the thumb, at right angles to the palm, flexion of wrist weakened, pain with trophic disturbances. 38 C.F.R. § 4.124a, Diagnostic Code 8515.

The term “incomplete paralysis” indicates a degree of lost or impaired function substantially less than the type picture for complete paralysis given with each nerve, whether due to varied level of the nerve lesion or to partial regeneration. When the involvement is wholly sensory, the rating should be for the mild, or at most, the moderate degree. 38 C.F.R. § 4.124a, Diseases of the Peripheral Nerves.

In rating peripheral nerve injuries and their residuals, attention should be given to the site and character of the injury, the relative impairment and motor function, trophic changes, or sensory disturbances. 38 C.F.R. § 4.120. 

Under 38 C.F.R. § 4.124a, disability from neurological disorders is rated from 10 to 100 percent in proportion to the impairment of motor, sensory, or mental function. With partial loss of use of one or more extremities from neurological lesions, rating is to be by comparison with mild, moderate, severe, or complete paralysis of the peripheral nerves. 

The words “slight,” “moderate,” and “severe” as used in the various diagnostic codes are not defined in the VA Schedule for Rating Disabilities. Rather than applying a mechanical formula, the Board must evaluate all of the evidence, to the end that its decisions are “equitable and just.” 38 C.F.R. § 4.6. It should also be noted that use of terminology such as “severe” by VA examiners and others, although an element of evidence to be considered by the Board, is not dispositive of an issue. All evidence must be evaluated in arriving at a decision regarding an increased rating. 38 C.F.R. §§ 4.2, 4.6.

At a March 2018 VA contract examination, the Veteran reported tingling and numbness. On physical examination of the right and left upper extremity, the examiner indicated findings of mild parasthesias and mild numbness. Muscle strength testing of right and left wrist flexion and extension were found normal with 5/5, grip strength 3/5, pinch strength 4/5, and normal findings for reflexes of the biceps, triceps, and brachioradialis. Sensory responses at the shoulders and forearms were within normal limits with decreased sensation in the hands and fingers. No tropic changes of the upper extremities were present. The Veteran was positive for Phalen’s and Tinel’s signs. The examiner indicated mild incomplete paralysis of the median nerve. 

Upon review of the evidence of record, the Board finds that a rating in excess of 10 percent for carpal tunnel syndrome of the right and left extremity is not warranted for the appeal period. The Veteran’s disability has been manifested by no more than mild incomplete paralysis of the median nerve for the entire appeal period. There are no objective medical findings to show that the Veteran’s carpal tunnel syndrome resulted in incomplete paralysis with moderate impairment, consistent with the next higher schedular evaluation of 30 percent as it pertains to the major extremity or 20 percent for the minor extremity as required under Diagnostic Code 8515. The Board is not aware of any other objective medical findings that indicate otherwise. As such, the Board finds no more than mild, incomplete paralysis indicated by the record, and the Veteran does not meet or nearly approximate the criteria for a 30 percent disability rating for his carpal tunnel syndrome of the right (major extremity) and left (minor extremity).

Based on the foregoing, the Board finds that the preponderance of the evidence is against the assignment of a higher rating for the Veteran’s service-connected carpal tunnel syndrome. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the claim, that doctrine is not helpful to this claimant.

4. Entitlement to a compensable rating for surgical scar, status post ganglion cyst removal, right dorsal wrist, from February 18, 2018 to May 25, 2018.

By rating decision of May 2018, service connection was granted and assigned a separate noncompensable rating for the Veteran’s surgical scar, status post ganglion cyst removal, right dorsal wrist. 

The Veteran’s scar of the right wrist is evaluated under Diagnostic Code 7805 (other scars). See 38 C.F.R. § 4.118, Diagnostic Code 7805. 

Under Diagnostic Code 7805, for other scars (including linear scars) and other effects of scars evaluated under Diagnostic Code 7800, 7801, 7802, and 7804, the Board must evaluate disabling effect(s) not considered in a rating provided under diagnostic codes 7800-04 under an appropriate diagnostic code. 38 C.F.R. § 4.118.

The Board notes that Diagnostic Code 7800 pertains to disfigurement of the head, face, or neck, and thus not for application here. Likewise, Diagnostic Codes 7801 and 7802 are not applicable as they pertain to deep and nonlinear scars or scars due to other causes not of the head, face, or neck that are superficial and nonlinear. Because the Veteran’s scar is not shown to be deep and identified as a superficial and linear scar, Diagnostic Codes 7801 and 7802 are not for application. Id.

Under Diagnostic Code 7804, scar(s), unstable or painful, warrant a rating of 10 percent for one or two scars that are unstable or painful; 20 percent for three or four scars that are unstable or painful; and a maximum rating of 30 percent for five or more scars that are unstable or painful. Note (1) provides that an unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar. Note (2) provides that if one or more scars are both unstable and painful, add 10 percent to the evaluation that is based on the total number of unstable or painful scars. Note (3) provides that scars evaluated under Diagnostic Codes 7800, 7801, 7802, or 7805 may also receive an evaluation under this Diagnostic Code, when applicable. See 38 C.F.R. § 4.118, Diagnostic Code 7804.

A March 2018 VA contract examination for skin conditions reflects the examiner’s note that the Veteran “has a scar to the right dorsal wrist from ganglion removal in 1996.” At the time of examination, there was no ganglion cysts apparent on either wrist. There was no other pertinent physical findings, complications, conditions or symptoms associated with the scar indicated by the examiner. See Skin Diseases Disability Benefits Questionnaire (DBQ) of March 2018. 

Likewise, a March 2018 VA contract examination report for the Veteran’s carpal tunnel syndrome reflects the examiner indicating that a surgical scar was noted but not painful or unstable. See Peripheral Nerves Conditions DBQ of March 2018.

A May 2018 VA contract examination for wrist conditions reflects the examiner indicating a scar on the right dorsum wrist, measuring length 4 cm by width 0.25 cm. The examiner indicated that the scar was not painful or unstable and there was no other pertinent physical findings, complications, conditions or symptoms associated with the scar. See Wrist Conditions DBQ of May 2018. 

Based on the evidence of record for the appeal period, the Board finds that the currently assigned noncompensable rating is appropriate and fully contemplates the Veteran’s healed scar on his right wrist. There has been no medical evidence of record to demonstrate that the Veteran’s scar is unstable or painful for VA rating purposes. Although the medical professionals from three separate examinations considered the Veteran’s subjective complaints, on physical examination, objective factors showed only the presence of a scar from the removal of a cyst in 1996, measuring 4cm by 0.25 cm, with no other symptoms found on examination. In fact, the March and May 2018 examiners consistently indicated no evidence of any signs or symptoms or any other physical findings associated with the scar. Moreover, the examiners indicated that the scar is not considered disabling with no limitation of function due to the scar. Thus, the criteria for a compensable rating under Diagnostic Code 7805 have not been met or approximated, and an increased rating under this code is not warranted. See 38 C.F.R. § 4.118, Diagnostic Code 7805.

For these reasons, the Board finds that the criteria for an initial compensable rating for surgical scar, status post ganglion cyst removal, right dorsal wrist, have not been met.

New and Relevant Evidence

5. Whether new and relevant evidence was presented to warrant readjudicating the claim for service connection for bilateral glaucoma.

The Veteran contends that he submitted evidence with his legacy system petition to reopen a claim for service connection for bilateral glaucoma that is new and relevant and warrants readjudication of the issue.

VA will readjudicate a claim if new and relevant evidence is presented or secured. AMA, Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. AMA, Pub. L. No. 115-55, § 101(35), 131 Stat. 1105, 1105. 

The question in this case is whether the Veteran submitted evidence after the prior final denial of his claim for service connection for bilateral glaucoma in the legacy system, and if so, whether that evidence is new and relevant to his claim.

The Board finds that new evidence submitted after the July 2014 final rating decision in the legacy system is not relevant to the claim. While the Board does note additional medical information of record, such treatment records have no relation to the specific matter under consideration as it does not tend to prove the medical nexus between the current condition and the Veteran’s active service. Therefore, the records are not relevant to the issue of service connection for bilateral glaucoma. 

(Continued on the next page)

The Board finds that new and relevant evidence has not been presented, and readjudication of the claim is not warranted.

 

KELLI A. KORDICH

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. An, Associate Counsel