﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190521-6312
DATE: November 27, 2019

ORDER

Entitlement to an earlier effective date prior to August 24, 2018 for the assignment of a 40 percent rating for chronic fatigue syndrome (CFS) is denied. 

Entitlement to an earlier effective date of January 15, 2014 for the assignment of a 50 percent rating for posttraumatic stress disorder (PTSD) is granted.

FINDINGS OF FACT

1. In an April 2016 rating decision, the Regional Office (RO) granted entitlement to service connection for CFS with a noncompensable rating, effective January 15, 2014, and entitlement to service connection for PTSD with a 30 percent rating, effective January 15, 2014.

2. A September 2018 rating decision granted the Veteran an increased disability rating for CFS from noncompensable to 40 percent, effective August 24, 2018; and an increased disability rating for PTSD from 30 percent to 50 percent, effective July 29, 2016.

3. Prior to August 24, 2018, the Veteran’s CFS with inability to focus, muscle and joint aches, and memory loss was not manifested by debilitating fatigue, cognitive impairments, or other signs and symptoms which are nearly constant and restrict daily activities to 50 to 75 percent of the pre-illness level, or; which wax and wane, resulting in periods of incapacitation of at least four but less than six weeks total duration per year.

4. From January 15, 2014, it is factually ascertainable that the Veteran’s PTSD was shown to be productive of occupational and social impairment with reduced reliability and productivity.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an earlier effective date for the evaluation of CFS have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.321, 4.1, 4.3, 4.7, 4.10, 4.14, 4.88a, 4.88b, Diagnostic Code (DC) 6354.

2. The criteria for an effective date of January 15, 2014 for the disability rating of 50 percent for PTSD are met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.159, 3.321, 4.7, 4.130, 4.132, DC 9411.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty, including from February 1992 to June 1992, July 1999 to March 2000, and from March 2003 to April 2004, including service in Bosnia-Herzegovina and Iraq. This case comes before the Board of Veterans’ Appeals (Board) on appeal of a May 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In April 2018, the Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. The Veteran timely appealed the subsequent May 2019 AMA rating decision to the Board and requested direct review of the evidence considered by the AOJ.

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Earlier Effective Date

Generally, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. Regarding a claim for an increased rating, if the increase is factually ascertainable within one year prior to the receipt of the claim, the rating will be effective as of the date of increase. If the increase occurred more than one year prior to receipt of the claim, the rating will be effective as of the date of the claim. 38 U.S.C. § 5110(b)(2); Harper v. Brown, 10 Vet. App. 125; 38 C.F.R. § 3.400(o)(1), (2); 63 Fed. Reg. 56704. 

In an April 2016 rating decision, the RO granted entitlement to service connection for PTSD with a 30 percent disability rating and for CFS with a noncompensable disability rating. Both disability ratings were granted an effective date of January 15, 2014 which is one year prior to the Veteran’s Application for Disability Compensation. See 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400.

1. CFS

A September 2018 rating decision granted the Veteran an increased disability rating for CFS from noncompensable to 40 percent effective August 24, 2018. A May 2019 RAMP rating decision denied the Veteran’s request for an earlier effective date of the 40 percent disability rating. 

The Veteran asserts that he is entitled to an earlier effective date of January 15, 2014 for his 40 percent evaluation for CFS assigned from August 24, 2018. The Board looks to the relevant evidence of record from January 15, 2014 to August 24, 2018 to determine whether the Veteran is entitled to an effective date earlier than August 24, 2018 for the increase in rating to 40 percent for CFS.

The Veteran’s CFS is rated under DC 6354. Under DC 6354, ratings are provided for CFS consisting of debilitating fatigue, cognitive impairments (such as inability to concentrate, forgetfulness, confusion), or a combination of other signs and symptoms. Specific to the case at hand, a 40 percent rating is warranted for signs and symptoms of chronic fatigue syndrome that are nearly constant and restrict routine daily activities to 50 to 75 percent of the pre-illness level, or; the signs and symptoms wax and wane, resulting in periods of incapacitation of at least four but less than six weeks total duration per year. Id.

The Board has reviewed all the medical evidence of record and finds that an effective date earlier than August 24, 2018 for a rating of 40 percent is not warranted.

In his January 2015 VA Form 21-526EZ Application for Disability Compensation, the Veteran stated that he was and is always fatigued following his return from Iraq.

The Veteran underwent a VA CFS examination in October 2015. The Veteran reported the onset of his CFS as after return from Iraq in 2004 and said it has worsened about 50 percent since then. He said he wakes up fatigued and has interrupted sleep, but he is never incapacitated. He reported not taking medication. The Veteran’s debilitating fatigue did not reduce daily activity level to less than 50 percent of pre-illness level. The Veteran’s symptoms attributable to CFS were neuropsychological symptoms and sleep disturbance. The Veteran’s cognitive impairment attributable to CFS which wax and wane were poor attention, inability to concentrate and forgetfulness. The Veteran’s symptoms did not restrict routine daily activities and did not result in periods of incapacitation. The examiner opined that the Veteran’s CFS did not impact his ability to work.

Accordingly, the Board finds that prior to August 24, 2018, the Veteran’s CFS has not been manifested by debilitating fatigue, cognitive impairments, or other signs and symptoms which are nearly constant and restrict daily activities to 50 to 75 percent of the pre-illness level, or; which wax and wane, resulting in periods of incapacitation of at least four but less than six weeks total duration per year. An effective date earlier than August 24, 2018 for a 40 percent rating for CFS is thus denied. 

2. PTSD

The Veteran asserts that he is entitled to an earlier effective date of January 15, 2014 for his 50 percent evaluation for PTSD assigned from July 29, 2016. 

A September 2018 rating decision granted the Veteran an increased disability rating for PTSD from 30 percent to 50 percent effective July 29, 2016. A May 2019 RAMP rating decision denied the Veteran’s request for an earlier effective date of the 50 percent disability rating.

Pertinent to the case at hand, under the General Rating Formula for Mental Disorders, a 30 percent evaluation is warranted for occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily), with routine behavior, self-care, and conversation normal, due to such symptoms as depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, and mild memory loss (such as forgetting names, directions, recent events). 38 C.F.R. § 4.130, DC 9411.

A 50 percent rating is warranted for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short-term and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. Id.

The Veteran underwent a VA initial PTSD examination in October 2015. The examiner did not diagnose the Veteran with PTSD but diagnosed the Veteran with other specified trauma and stressor-related disorder. The Veteran reported his symptoms as quick to become angry, inability to maintain personal and romantic relationships, depressed mood, chronic sleep impairment, and short-term outlook. He further reported diminished participation in activities following his mother’s death and that he has been more withdrawn over the past few years and stopped exercising. He also acknowledged that he had increased his consumption of alcohol after returning from Iraq and that he had to decrease his consumption. In summary, the examiner stated that the Veteran is employed with the U.S. Marshall Service and has regular visits with his daughter and a network of friends who share the same interests. The Board finds that the examiner’s characterization of the Veteran’s psychological disorder as occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress or symptoms controlled by medication does not accurately account for the symptoms the Veteran reported. Thus, the VA examination is afforded a lower probative value.

The Veteran submitted an independent medical examination report dated July 29, 2016. The Board notes that the current effective date for the Veteran’s 50 percent rating is the date of this report. The psychologist observed, tested and interviewed the Veteran and reviewed the Veteran’s medical records and claims file to opine that the Veteran’s significant occupational and social impairments support a 50 percent disability rating for mental illness. The private psychologist recommended that the Veteran’s service-connected mental illness rating be increased to 50 percent effective January 15, 2014. The Veteran reported anxiety and anxiety-triggers such as certain smells, fireworks, and overpasses. The Veteran further stated that his memory is failing him more, his ability to maintain intimate and work relationships have declined, and he has pretty much given up trying to form relationships. He said that he is quick to anger and has intrusive thoughts and dreams related to past traumatic events. The psychologist also analyzed the Veteran’s occupational skills developed throughout his work history and the likelihood of ease of access to the labor market considering his service-connected cognitive impairment to conclude that the Veteran’s loss of labor market access attributed to his service-connected disability supports an occupational impairment rating of at least 50 percent. In composing his recommendation, the psychologist diagnosed the Veteran with PTSD and other-specified trauma and stressor-related disorder, claimed as acquired psychiatric disorder including but not limited to PTSD, anxiety and depression.

The Board finds the private psychologist’s opinion regarding the duration, severity and frequency of the Veteran’s symptoms of his service-connected PTSD to be well-reasoned, fully articulated, and inclusive of the Veteran’s lay statements. A medical opinion that is factually accurate, fully articulated, and based on sound reasoning carries significant weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). It is of greater probative value than the earlier VA examination report of record in terms of addressing the issue at hand.

Thus, Board thus finds that an effective date of January 15, 2014 for a 50 percent rating for PTSD is warranted. To that extent only, the claim is granted. 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Alexis B. Markeson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.