Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 190819-28095
DATE: September 29, 2021

ORDER

Entitlement to an effective date earlier than May 28, 2019, for an increased 100 percent rating for peripheral vestibular disorder, diagnosed as Meniere's syndrome, is denied.

Entitlement to a total disability rating based on individual unemployability (TDIU) is dismissed as moot. 

FINDINGS OF FACT

1. In a June 2016 rating decision, the Regional Office (RO) granted service connection for peripheral vestibular disorder and assigned a 30 percent rating, effective November 18, 2009.

2. In September 2016, the Veteran submitted an incomplete and altered VA Form 21-0958, Notice of Disagreement (NOD), and thus not a timely and proper NOD to the June 2016 rating decision, with an accompanied statement requesting reconsideration of the June 2016 rating decision and indicating a 100 percent rating was warranted for his disability. 

3. In a September 2016 letter, the RO rejected the Veteran's VA Form 21-0958, NOD, stating it was incomplete and could not be processed.

4. On May 28, 2019, the Veteran filed a formal increased rating claim for his Meniere's syndrome.

5. The record does not reflect that the Veteran filed a formal claim for an increased rating for his peripheral vestibular disorder after the final June 2016 rating decision and prior to May 28, 2019, and an increase in disability was not factually ascertainable within one year prior to that 2019 claim.

6. The Veteran is in receipt of a 100 percent rating for Meniere's syndrome from May 28, 2019.

CONCLUSIONS OF LAW

1. The June 2016 rating decision granting service connection for the Veteran's peripheral vestibular disorder and assigning a 30 percent rating, effective November 18, 2009 is final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.156(b); 20.201, 20.302.

2. The criteria for an effective date earlier than May 28, 2019, for the award of an increased 100 percent rating for the Veteran's peripheral vestibular disorder, diagnosed as Meniere's syndrome, are not met. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

3. Entitlement to a TDIU is dismissed as moot. 38 U.S.C. § 7105.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, who served on active duty in the United States Army from July 1960 to January 1961, died in May 2021. The Appellant is his surviving spouse and has been properly substituted as the claimant for purposes of processing the claim to completion. See 38 U.S.C. § 5121A.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). In August 2019, following issuance of the rating decision, the Veteran file a VA Form 10182 requesting direct review of the August 2019 rating decision pursuant to the Appeals Modernization Act (AMA). Thus, the Board may only consider evidence of record at the time of the August 2019 rating decision.

In a May 2020 decision, the Board granted an increased 100 percent rating for Meniere's syndrome, effective May 28, 2019, and dismissed entitlement to a TDIU as moot based on the same. 

The Veteran timely appealed the May 2020 Board decision to the United States Court of Appeals for Veterans Claims (Court). In an April 2021 Order, pursuant to a Joint Motion for Partial Remand (JMPR) filed by the parties, the Court vacated and remanded the Board decision as the issues detailed above, noting the TDIU claim was intertwined with the earlier effective date claim. 

Earlier Effective Dates

1. Entitlement to an effective date earlier than May 28, 2019, for an increased 100 percent rating for peripheral vestibular disorder, diagnosed as Meniere's syndrome, is denied.

The provisions governing the assignment of the effective date of an increased rating are set forth in 38 U.S.C. § 5110(a) and (b)(2), and 38 C.F.R. § 3.400(o). Generally, the effective date of an award of increased compensation "shall not be earlier than the date of receipt of the application thereof." 38 U.S.C. § 5110(a). This statutory provision is implemented by regulation that provides that the effective date for an award of increased compensation will be the date of receipt of claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(o)(1).

An exception to that rule regarding increased ratings applies, however, under circumstances where the evidence demonstrates that a factually ascertainable increase in disability occurred within the one-year period preceding the date of receipt of a claim for increased compensation. If an increase in disability occurred within one-year prior to the claim, the increase is effective as of the date the increase was "factually ascertainable." If the increase occurred more than one year prior to the claim, the increase is effective the date of claim. If the increase occurred after the date of claim, the effective date is the date of increase. 38 U.S.C. § 5110(b)(2); Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010) (explaining the legislative intent to provide veterans with a one-year grace period for filing their claims); Dalton v. Nicholson, 21 Vet. App. 23, 31-32 (2007); Harper v. Brown, 10 Vet. App. 125 (1997); 38 C.F.R. § 3.400(o)(1)(2); VAOPGCPREC 12-98 (1998).

The Board notes that on March 24, 2015, VA amended its regulations to require that all claims governed by VA's adjudication regulations be filed on standard forms prescribed by the Secretary, regardless of the type of claim or posture in which the claim arises. See 79 Fed. Reg. 57660 (Sept. 25, 2014). The amendments are effective for claims filed on or after March 24, 2015. 

The Board notes that as of March 24, 2015, a notice of disagreement must be filed on standard forms prescribed by the Secretary. See 79 Fed. Reg. 57660 (Sept. 25, 2014). An untimely notice of disagreement deprives the Board of jurisdiction to consider the merits of an appeal. 38 U.S.C. § 7105 (c).

Here, the Veteran seeks an effective date earlier than May 28, 2019, for the award of an increased 100 percent rating for Meniere's syndrome. See March 2021 JMPR.

The Board notes that a June 2016 rating decision awarded service connection for peripheral vestibular disorder and assigned a 30 percent rating, effective November 18, 2009. The Veteran was notified of this decision and his appellate rights in a July 2016 letter, including instructions on how to complete VA Form 21-0958 should he disagree with the decision. 

In September 2016, the Veteran submitted one page of VA Form 21-0958 statement requesting reconsideration of this decision and requesting a higher rating and an NOD, accompanied with a request to reconsider the June 2016 rating decision and wanting a 100 percent rating. Subsequently, in a September 2016 letter, the RO notified the Veteran and his representative that the NOD form was incomplete and could not be processed. While the Veteran indicated disagreement with the June 2016 rating decision, such action was not completed on the appropriate form and a valid NOD was not filed. In this regard, the Board emphasizes that a NOD must be properly completed on a form prescribed by the Secretary. See 38 C.F.R. § 20.202(a); see also January 2020 Correspondence (explaining that the Veteran failed to complete an unaltered VA Form 21-0958 and the form he did submit was "greatly altered making it unacceptable as a NOD form" and that the action of requesting reconsideration was not in line with asking for a Notice of Disagreement/Appeal, specifically under the older legacy system in place at that time an appeal must go through the process and cannot be sent directly to the Board). The Veteran nor his representative submitted a corrected or completed NOD, thus no timely and proper NOD was received to initiate appeal of the June 2016 rating decision, and it became final as to the effective date of service connection for peripheral vestibular disorder. 38 U.S.C. § 7104; 38 C.F.R. § 20.1100.

On May 28, 2019, VA received the Veteran's claim for an increased rating for his service-connected peripheral vestibular disorder, specifically Meniere's syndrome. 

In May 2019 statements and during the June 2019 VA examination, findings were consistent with an increased rating for his Meniere's syndrome. See 38 C.F.R. § 4.87, DC 6205.

In a May 2020 decision, the Board granted an increased (100 percent) rating and for the Veteran's peripheral vestibular disorder, diagnosed as Meniere's syndrome, effective May 28, 2019, the date of his claim. This decision was implemented in May 2020 rating. 

The Veteran nor the appellant has asserted that he filed a formal claim for an increased rating for his peripheral vestibular following the June 2016 rating decision and prior to May 28, 2019. In this regard, the Board notes that the Veteran's September 2016 request for reconsideration and incomplete NOD submission cannot be construed as a valid increased rating claim, as it was filed after March 24, 2015 and therefore must have been a formal claim on the appropriate standardized form. Absent an earlier claim for increase for peripheral vestibular disorder or of evidence showing an increase in the disability within one year prior to the date the claim was received, which is not demonstrated in this case, the earliest effective date that is warranted is the currently assigned date of May 28, 2019 which is the earliest effective date allowed by law. 

Thus, based on a review of the foregoing evidence, and the applicable laws and regulations, the Board finds that the preponderance of the evidence is against the Veteran's claim for entitlement to an earlier effective date for his peripheral vestibular disorder, diagnosed as Meniere's syndrome and the appeal as to this issue is denied.

TDIU

(Continued on the next page)

 

2. Entitlement to a TDIU is dismissed as moot. 

As noted above, the parties agreed in the JMPR that the TDIU claim was vacated and remanded as intertwined with the increasing rating claim as it is part and parcel of his underlying increased rating claim for his Meniere's syndrome. Thus, pursuant to Harper v. Wilkie, the issue of TDIU remains in appellate status from May 28, 2019 in conjunction with the appeal period for his increased rating claim. See Harper v. Wilkie, 30 Vet. App. 356 (2018). As the above decision denied an earlier effective date for the increased 100 percent rating claim, the effective date remains the same, or from May 28, 2019. Accordingly, entitlement to a TDIU is again dismissed as moot as a 100 percent schedular evaluation is assigned for the Veteran's service-connected Meniere's syndrome for the entirety of the appeal period. 38 C.F.R. § 7105.

 

 

R.R. WATKINS

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Asante, Ruby

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.