﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/20 Archive Date: 03/03/20

DOCKET NO. 190923-33001
DATE: February 26, 2020

ORDER

Entitlement to a higher level of special monthly compensation (SMC) based on the need for aid and attendance is denied.

Entitlement to an effective date prior to April 5, 2018, for SMC based on the need for aid and attendance is denied.

FINDINGS OF FACT

1. It is not factually ascertainable that the Veteran met the criteria for a higher level of SMC for any period on appeal. 

2. Prior to April 5, 2018, it was not factually ascertainable that the need for aid and attendance was warranted at any time, and there was no evidence of any communication or action indicating an intent to apply for SMC based on aid and attendance. 

CONCLUSIONS OF LAW

1. The criteria for a higher level of SMC have not been met for any period on appeal. 38 U.S.C. § 1114; 38 C.F.R. §§ 3.151, 3.155, 3.350, 3.352. 

2. The criteria for an effective date prior to April 5, 2018, for SMC based on the need for aid and attendance have not been met. 38 U.S.C. §§ 1114, 5110; 38 C.F.R. §§ 3.350, 3.352, 3.401. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Marine Corps from May 1954 to May 1958. The rating decision on appeal was issued in June 2018. In September 2019, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d). On the VA Form 10182, received in September 2019, the Veteran requested appellate review by the Board through the direct review lane. These matters were previously before the Board in November 2019, when they were remanded for additional development.

1. Entitlement to a higher level of special monthly compensation (SMC) based on the need for aid and attendance. 

SMC is available when, as the result of service-connected disability, a veteran suffers additional hardships above and beyond those contemplated by VA's schedule for rating disabilities. See 38 U.S.C. § 1114; 38 C.F.R. §§ 3.350, 3.352. The rate of SMC varies according to the nature of the Veteran’s service-connected disabilities. Basic levels of SMC are listed at 38 U.S.C. § 1114(k). Higher levels of SMC are provided at 38 U.S.C. § 1114(l), (m), (n), and (o).

SMC provided by 38 U.S.C. § 1114(l) is payable for anatomical loss or loss of use of both feet, one hand and one foot, blindness in both eyes with visual acuity of 5/200 or less or being permanently bedridden or so helpless as to be in need of regular aid and attendance. 38 C.F.R. § 3.350(b).

SMC at the “m” rate is warranted if the Veteran, as a result of service-connected disability, has suffered the anatomical loss or loss of use of both hands, or of both legs at a level, or with complications, preventing natural knee action with prosthesis in place, or of one arm and one leg at levels or with complications, preventing natural elbow and knee action with prosthesis in place, or has suffered blindness in both eyes having only light perception, or has suffered blindness in both eyes, rendering such Veteran so helpless as to be in need of regular aid and attendance. 38 U.S.C. § 1114(m); 38 C.F.R. § 3.350(c).

SMC at the “n” level is warranted if the Veteran, as the result of service-connected disability, has suffered the anatomical loss or loss of use of both arms at levels, or with complications, preventing natural elbow action with prosthesis in place, has suffered the anatomical loss of both legs so near the hip as to prevent the use of prosthetic appliances, or has suffered the anatomical loss of one arm and one leg with factors that prevent the use of prosthetic appliances, or has suffered anatomical loss of both eyes, or has suffered blindness without light perception in both eyes. 38 U.S.C. § 1114(n).

SMC provided by 38 U.S.C. § 1114(o) is payable for any of the following conditions: (i) Anatomical loss of both arms so near the shoulder as to prevent use of a prosthetic appliance; (ii) Conditions entitling to two or more of the rates (no condition being considered twice) provided in 38 U.S.C. § 1114(l) through (n); (iii) Bilateral deafness rated at 60 percent or more disabling (and the hearing impairment in either one or both ears is service connected) in combination with service-connected blindness with bilateral visual acuity 20/200 or less; (iv) service-connected total deafness in one ear or bilateral deafness rated at 40 percent or more disabling (and the hearing impairment in either one of both ears is service-connected) in combination with service-connected blindness of both eyes having only light perception or less. 38 C.F.R. § 3.350(e)(1).

Paralysis of both lower extremities together with loss of anal and bladder sphincter control will entitle (a veteran) to the maximum rate under 38 U.S.C. § 1114(o), through the combination of loss of use of both legs and helplessness. The requirement of loss of anal and bladder sphincter control is met even though incontinence has been overcome under a strict regimen of rehabilitation of bowel and bladder training and other auxiliary measures. 38 C.F.R. § 3.350(e)(2).

SMC at the (o) rate is warranted for combinations. Determinations must be based upon separate and distinct disabilities. This requires, for example, that where a veteran who suffered the loss or loss of use of two extremities is being considered for the maximum rate on account of helplessness requiring regular aid and attendance, the latter must be based on need resulting from pathology other than that of the extremities. If the loss or loss of use of two extremities or being permanently bedridden leaves the person helpless, increase is not in order on account of this helplessness. Under no circumstances will the combination of “being permanently bedridden” and “being so helpless as to require regular aid and attendance” without separate and distinct anatomical loss, or loss of use, of two extremities, or blindness, be taken as entitling to the maximum benefit. The fact, however, that two separate and distinct entitling disabilities, such as anatomical loss, or loss of use of both hands and both feet, result from a common etiological agent, for example, one injury or rheumatoid arthritis, will not preclude maximum entitlement. 38 C.F.R. § 3.350(e)(3).

The maximum rate, as a result of including helplessness as one of the entitling multiple disabilities, is intended to cover, in addition to obvious losses and blindness, conditions such as the loss of use of two extremities with absolute deafness and nearly total blindness or with severe multiple injuries producing total disability outside the useless extremities, these conditions being construed as loss of use of two extremities and helplessness. 38 C.F.R. § 3.350(e)(4).

The provisions of 38 U.S.C. § 1114(p) provide for “intermediate” SMC rates between the different subsections based on anatomical loss or loss of use of the extremities or blindness in connection with deafness and/or loss or loss of use of a hand or foot. 38 U.S.C. § 1114(p); 38 C.F.R. § 3.350(f).

There are two parts to SMC (r)-there is special aid and attendance that is identified by (r)(1), and a higher level of special aid and attendance that is discussed in (r)(2). See 38 U.S.C. § 1114(r); 38 C.F.R. §§ 3.350(h), 3.352.

To be awarded SMC(r)(1), under 38 U.S.C. § 1114, the Veteran must be entitled to SMC at the rate authorized under subsection (o), the maximum rate authorized under subsection (p), or at the intermediate rate authorized between the rates authorized under subsections (n) and (o) and at the rate authorized under subsection (k). The Veteran must also be in need of regular aid and attendance. See 38 U.S.C. § 1114(r).

For SMC(r)(2), once the aforementioned threshold is met, the Veteran must show that, in addition to the need for regular aid and attendance, he is in need of a higher level of care as specified. See 38 U.S.C. § 1114(r)(2).

The regular or higher-level aid and attendance allowance is payable whether or not the need for regular aid and attendance or a higher level of care was a partial basis for entitlement to the maximum rate under 38 U.S.C. § 1114(o) or (p), or was based on an independent factual determination. 38 C.F.R. § 3.350(h)(1).

Determinations as to need for aid and attendance must be based on actual requirements of personal assistance from others. In making such determinations, consideration is given to such conditions as the following: Inability of the claimant to dress or undress himself or to keep himself ordinarily clean and presentable; the frequent need of the adjustment of any special prosthetic or orthopedic appliance which by reason of the particular disability cannot be done without aid; the inability of the claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his daily environment. 38 C.F.R. § 3.352(a). “Bedridden” will be a proper basis for the aid and attendance determination and is defined as that condition which, through its essential character, actually requires that the claimant remain in bed. The fact that the claimant has voluntarily taken to bed or that a physician has prescribed rest in bed for the greater-or-lesser part of the day to promote convalescence or cure will not suffice.

In Turco v. Brown, 9 Vet. App. 222 (1996), the Court held that it was not required that all of the disabling conditions enumerated in the provisions of 38 C.F.R. § 3.352(a) be found to exist to establish eligibility for aid and attendance, but that such eligibility required at least one of the enumerated factors be present. The Court added that the particular personal function that a veteran is unable to perform should be considered in connection with his or her condition as a whole. Also, it is only necessary that the evidence establish that a veteran is so helpless as to need regular aid and attendance, not that there be a constant need. See Turco, supra; 38 C.F.R. § 3.352.

Determinations that the Veteran is so helpless, as to be in need of regular aid and attendance will not be based solely on an opinion that the claimant's condition is such as would require him to be in bed. They must be based on the actual requirement of personal assistance from others. 38 C.F.R. § 3.352(a).

Need for a higher level of care shall be considered to be need for personal health-care services provided on a daily basis in the Veteran’s home by a person who is licensed to provide such services or who provides such services under the regular supervision of a licensed health-care professional. Personal health-care services include (but are not limited to) such services as physical therapy, administration of injections, placement of indwelling catheters, and the changing of sterile dressings, or like functions which require professional health-care training or the regular supervision of a trained health-care professional to perform. A licensed health-care professional includes (but is not limited to) a doctor of medicine or osteopathy, a registered nurse, a licensed practical nurse, or a physical therapist licensed to practice by a State or political subdivision thereof. 38 C.F.R. § 3.352(b)(2).

The term “under the regular supervision of a licensed health-care professional” means that an unlicensed person performing personal health-care services is following a regimen of personal health-care services prescribed by a health-care professional, and that the health-care professional consults with the unlicensed person providing the health-care services at least once each month to monitor the prescribed regimen. The consultation need not be in person; a telephone call will suffice. 38 C.F.R. § 3.352(b)(3).

A person performing personal health-care services who is a relative or other member of the Veteran’s household is not exempted from the requirement that he or she be a licensed health-care professional or be providing such care under the regular supervision of a licensed health-care professional. 38 C.F.R. § 3.352(b)(4).

Moreover, the provisions of 38 C.F.R. § 3.352(b) are to be strictly construed. The higher-level aid-and-attendance allowance is to be granted only when the need is clearly established, and the amount of services required on a daily basis is substantial. 38 C.F.R. § 3.352 (b)(5).

The performance of the necessary aid and attendance service by a relative of the claimant or other member of his or her household will not prevent the granting of the additional allowance. 38 C.F.R. § 3.352(c).

Service connection is currently in effect for residuals of fracture of the transverse process of L5, most recently rated 20 percent disabling since October 2013 (and 40 percent disabling from March 2019); right hip arthritis with limitation of flexion, rated 0 percent disabling since August 2009; left hip strain with limitation of extension, rated 10 percent disabling since August 2015; right hip arthritis with limitation of extension, rated 10 percent disabling since March 2016; right hip arthritis with impairment of the thigh, rated 0 percent disabling since March 2016; right lower extremity radiculopathy, rated 10 percent disabling since February 2017; left hip strain with limitation of flexion, rated 0 percent disabling since February 2017; left hip strain with impairment of the thigh, rated 0 percent disabling since February 2017; and chronic lymphocytic leukemia, rated 100 percent disabling since March 2017. 

The Veteran has been in receipt of SMC at the (l) level on account of being so helpless as to be in need of regular aid and attendance with regard to his service-connected disabilities since April 5, 2018. See 38 U.S.C. § 1114(l); see also 38 C.F.R. § 3.350(b)(3). 

The Veteran’s SMC was originally awarded based on the findings from an April 5, 2018 VA examination. After a review of the evidence of record, the Board finds that a higher level of SMC benefits is not warranted. A rating at the (m) rate or higher would require at least the anatomical loss or loss of use of both hands, or of both legs with factors preventing natural knee action with prostheses in place, or of one arm and one leg with factors preventing natural elbow and knee action with prostheses in place (as the Veteran is not blind). The record shows impairment of the lower extremities as he is service-connected for the right and left hip and right lower extremity radiculopathy, but the evidence fails to show anatomical loss of either leg or symptomatology reflective of such impairment, and the Veteran has no service-connected upper extremity disabilities. 38 C.F.R. § 4.40 states, “A little used part of the musculoskeletal system may be expected to show evidence of disuse, either through atrophy, the condition of the skin, absence of normal callosity or the like.” In this case, the Board notes that there is no evidence of muscle atrophy, indicating the Veteran is able to use his lower extremities in close to a normal manner, albeit in a limited fashion. See, e.g., June 2019 VA back conditions examination (noting no muscle atrophy on physical examination); see also February 2017 VA hip and thigh conditions examination (finding no muscle atrophy on physical examination). To the extent the Veteran’s attorney contends that there is evidence reflective of loss of use of both lower extremities, the Board finds the contentions outweighed by the objective medical evidence of record. As such, the Board finds that the Veteran does not have loss of use of the above appendages to the extent required for SMC at the (m) rate or higher. 

As the Veteran is not entitled to the maximum rate under 38 U.S.C. § 1114(o) or (p), he is not entitled to any additional finding of special aid and attendance benefit under 38 U.S.C. § 1114(r). Moreover, the record does not show that the level of care requires the aid and attendance of a licensed health care professional. 

Accordingly, the claim for entitlement to SMC at a higher rate is denied. As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not applicable. See 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 

2. Entitlement to an effective date prior to April 5, 2018, for SMC based on the need for aid and attendance

Generally, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400.

An exception to that rule regarding increased ratings applies, however, under circumstances where the evidence demonstrates that a factually ascertainable increase in disability occurred within the one-year period preceding the date of receipt of a claim for increased compensation. If an increase in disability occurred within one-year prior to the claim, the increase is effective as of the date the increase was “factually ascertainable.” If the increase occurred more than one year prior to the claim, the increase is effective the date of claim. If the increase occurred after the date of claim, the effective date is the date of increase. 38 U.S.C. § 5110(b)(2); Harper v. Brown, 10 Vet. App. 125 (1997); 38 C.F.R. § 3.400(o)(1)(2); VAOPGCPREC 12-98 (1998).

VA amended its adjudication regulations on March 24, 2015 to require that all claims governed by VA’s adjudication regulations be filed on standard forms prescribed by the Secretary, regardless of the type of claim or posture in which the claim arises. See 79 Fed. Reg. 57,660 (Sept. 25, 2014). The amendments are only effective for claims and appeals filed on or after March 24, 2015. 

In this case, review of the claims file reveals the Veteran filed his claim for SMC on May 1, 2018. A June 2018 rating decision granted service connection for SMC based on the need for aid and attendance effective from May 1, 2018 (the date of claim). Thereafter, a July 2019 rating decision awarded an earlier effective date of April 5, 2018 based on clear and unmistakable error due to an April 5, 2018 VA examination for housebound/aid and attendance, noting that such was within the one-year period of the date of claim. 

Thus, the question before the Board is whether there is evidence within the one-year period prior to May 1, 2018, and earlier than the currently assigned effective date of April 5, 2018, that demonstrates a factually ascertainable need for aid and attendance. 

After a review of the evidence of record, the Board finds the preponderance of the evidence is against the claim. In this regard, the Board notes that the Veteran had a May 2017 VA hematologic and lymphatic conditions examination in which the Veteran denied any symptoms associated with his chronic lymphocytic leukemia (CLL), and it was noted he had not received or required treatment for the condition. The evidence otherwise does not support, reflect, or approximate the need for aid and assistance. See, e.g., October 2017 VA treatment record (noting the Veteran walks with a cane and has difficulty changing position); see also July 2017 VA foot conditions examination (finding mild right lower extremity radiculopathy, with slow antalgic gait, inability to heel, toe, and tandem walk, as well as being unable to squat, and difficulty getting up). In summary, the evidence does not show that prior to April 5, 2018, and during the one-year period prior to May 1, 2018, the Veteran was so helpless as to need regular aid and attendance. See 38 C.F.R. § 3.352(a). 

While the Board sympathizes with the Veteran’s physical challenges prior to May 1, 2018, the evidence of record for the one-year period prior to the date of claim does not indicate that the Veteran was so functionally impaired as to necessitate regular aid and attendance. In fact, at no time did any doctor or lay person specifically assert that the Veteran was incapable of taking care of himself, nor did they describe any functional limitations that suggested he was incapable of doing such. Thus, while the Veteran experienced difficulties that may have necessitated help with some tasks, the Veteran did not suffer from physical constrains severe enough to warrant SMC based on aid and attendance prior to April 5, 2018. Accordingly, the Board finds that an earlier effective date for this benefit is not warranted. 

 

 

L. ANDERSEN

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Marley, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.