﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 191028-39956
DATE: February 27, 2020

ORDER

Entitlement to an effective date of January 12, 2018, for the assignment of a 10 percent rating for left foot hallux valgus is granted.

Entitlement to an effective date of December 14, 2017, for the assignment of a 10 percent rating for right foot hallux valgus is granted.

Entitlement to an effective date of February 16, 2018, for the assignment of a 10 percent rating for status post left little toe fracture is granted.

FINDINGS OF FACT

1. The Veteran filed a claim for an increased rating for his right foot hallux valgus on December 14, 2017; there is no probative evidence indicating the disability increased in severity in the year prior to the increased rating claim.

2. The Veteran filed a claim for an increased rating for his left foot hallux valgus on February 16, 2018; the record does not show that he filed a formal claim for the disability prior to this date.

3. Probative evidence supports a finding that the Veteran’s left foot hallux valgus increased in severity as of January 12, 2018.

4. The Veteran filed a claim for service connection for left little toe fracture on February 16, 2018; the record does not show that he filed a formal claim for the disability prior to this date.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an effective date of January 12, 2018, but no earlier, for the assignment of a 10 percent rating for left foot hallux valgus have been met. 38 U.S.C. §§ 1155, 5107, 5110; 38 C.F.R. §§ 3.400, 4.1-4.7, 4.71a, Diagnostic Code 5280.

2. The criteria for entitlement to an effective date of December 14, 2017, but no earlier, for the assignment of a 10 percent rating for right foot hallux valgus have been met. 38 U.S.C. §§ 1155, 5107, 5110; 38 C.F.R. §§ 3.400, 4.1-4.7, 4.71a, Diagnostic Code 5280.

3. The criteria for entitlement to an effective date of February 16, 2018, for the assignment of a 10 percent rating for left little toe fracture have been met. 38 U.S.C. §§ 1155, 5107, 5110; 38 C.F.R. §§ 3.400, 4.1-4.7, 4.71a, Diagnostic Code 5284.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from April 1960 to May 1962. The Veteran’s claim originated under the legacy appeal system and the last rating decision issued under that appeal system was in June 2018 by the Department of Veteran Affairs (VA) Regional Office (RO). The Veteran did not file a Notice of Disagreement in response to the June 2018 rating decision; however, new medical records and VA examinations were associated with the claims file within one year of the June 2018 rating decision. 

The claims were readjudicated and denied in an August 2019 rating decision. In October 2019, the Veteran submitted a Decision Review Request form electing Direct Review of the evidence considered by the RO. Therefore, the Board of Veterans Appeals (Board) has jurisdiction to adjudicate the claims and consider only the evidence available to the RO at the time of the August 2019 rating decision. 38 C.F.R. § 20.300.

The Board addresses the effective date claims together as they stem from the similar factual backgrounds and procedural histories. 

The Veteran is service connected for bilateral hallux valgus with separate 10 percent ratings assigned for each foot effective May 15, 2018, and left little toe fracture with a 10 percent rating effective May 15, 2018. He contends that he should be assigned an earlier effective date because his disabilities increased in severity prior to May 15, 2018. He has not identified any date that would be more appropriate. 

The statutory guidelines for the determination of an effective date of an award of disability compensation are set forth in 38 U.S.C. § 5110. Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400.

An effective date for increased disability compensation shall be the earliest date as of which it is factually ascertainable that an increase in disability occurred, if application is received within one year from such date. 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2). “[A]n increase in a veteran’s service-connected disability must have occurred during the one-year period prior to the date of the veteran’s claim in order to receive the benefit of an earlier effective date.” Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010). This is the so-called one-year “look-back” period. If the increase in disability is shown to have occurred after the date of claim, the effective date is the date of increase. See 38 U.S.C. § 5110(b)(2); Harper v. Brown, 10 Vet. App. 125 (1997). 

For every case in which the Agency of Original Jurisdiction provides, in connection with its decision, a form for the purpose of initiating an appeal, a Notice of Disagreement consists of a completed and timely submitted copy of that form. VA will not accept as a Notice of Disagreement an expression of dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result that is submitted in any other format, including on a different VA form. 79 Fed. Reg. 57660, 57698 (September 25, 2014). 

The filing of an alternate form or other communication will not extend, toll, or otherwise delay the time limit for filing a Notice of Disagreement, as provided in § 20.302(a). Returning the incorrect VA form, including a form designed to appeal a different benefit does not extend, toll, or otherwise delay the time limit for filing the correct form. This final rule was effective March 24, 2015.

The Veteran’s hallux valgus disabilities are assigned separate ratings under Diagnostic Code 5280. See 38 C.F.R. § 4.71(a). Under this diagnostic code, unilateral hallux valgus operated with resection of metatarsal head is rated as 10 percent disabling. In addition, severe unilateral hallux valgus, if equivalent to amputation of the great toe, is also rated as 10 percent disabling.

The left little toe fracture disability is evaluated under Diagnostic Code 5010-5284. Hyphenated diagnostic codes are used when a rating under one diagnostic code requires the use of an additional diagnostic code to identify the basis for the rating assigned; the additional code is shown after the hyphen. 38 C.F.R. § 4.27. In this case, Diagnostic Code 5284 is used for residuals of foot injuries, while Diagnostic Code 5010 contemplates arthritis due to trauma.

Diagnostic Code 5284 for foot injuries, other provides for a 10 percent rating for a moderate foot disability,

In a November 2014 rating decision, the Veteran was awarded service connection for left and right foot hallux valgus with a noncompensable rating effective April 17, 2014, under 38 C.F.R. § 4.71(a), Diagnostic Code 5280. This decision was not timely appealed; therefore, it became final. 

On December 14, 2017, the Veteran filed a formal claim seeking compensation for a “right foot/toe injury, service-connected,” which the RO interpreted the submission to include an increased rating claim for the right foot hallux valgus disability. 

On January 12, 2018, the Veteran completed a VA examination to assess the severity of his foot disabilities. He reported experiencing weakness in both feet, worse on the right, and numbness. He denied having flare-ups, and he did not use an assistive device for ambulation. The examination revealed pain for both feet. Functional loss included pain on movement, pain on weight-bearing, and interference with standing. The examiner noted functional loss due to pain due to flare ups and or with repeated use, but was unable to determine the extent without resorting to ere speculation. The Veteran symptoms of hallus valgus were described as mild or moderate. 

Subsequently, the noncompensable rating for the right foot hallux valgus was continued in a January 2018 rating decision based on the findings of the examination. 

On February 16, 2018, the Veteran did not submit a Notice of Disagreement in response to the January 2018 rating decision. Instead, he submitted a Statement in Support of Claim requesting increased ratings for his service-connected right foot bunion and left foot bunion disabilities, and service connection for a left toe fracture. The Veteran’s statement is the earliest evidence of record indicating he wished to seek benefits for a left little toe fracture. 

The Veteran underwent a VA examination in March 2018 to evaluate the severity of his left and right foot hallux valgus and to determine the etiology of his left little toe fracture. The Veteran reported having pain when he walked and that he had a hard time getting his shoes on without pain. The Veteran also reported pain on evaluation and flare-ups. The Veteran stated that the pain caused him to take his shoes off and sit down. The Veteran symptoms were described as mild or moderate, and it was noted the Veteran experienced definite tenderness under metatarsal heads due to pes cavus. Examination of the left foot revealed a mild, small fracture to the left little toe. The examiner noted that the disability did not chronically comprise weight-bearing or require the use of an assistive device. 

Afterward, an April 2018 rating decision continued the noncompensable rating for the left and right foot hallux valgus and granted service connection for left little toe fracture with a noncompensable rating effective February 16, 2018. In response, the Veteran did not file a Notice of Disagreement to the April 2018 rating decision but submitted a formal Application seeking higher ratings for his foot conditions on May 15, 2018. In an accompanying statement, the Veteran asserted that compensable ratings were warranted for all of his foot disabilities, which were manifested by pain.

The Veteran was afforded a VA examination to assess the severity of his left and right foot hallux valgus and left little toe fracture in May 2018. The Veteran denied constant pain, but reported flare-ups of aching, sharp, shooting pain with activity and movement multiple times a day. He also reported shocking, stabbing pain in left little toe multiple times a day. The examiner noted the Veteran’s flare-ups decreased mobility due to bilateral foot pain. The Veteran symptoms were described as mild or moderate, and the examiner noted the Veteran did not experienced definite tenderness under metatarsal heads due to pes cavus or symptoms due to hallux rigidus. Further, the examiner noted that pain on movement, pain on weight-bearing, deformity, disturbance of locomotion, interference with standing, and lack of endurance were contributing factors of functional loss or impairment bilaterally.

The RO sought further clarification of the nature and severity of the Veteran’s foot disabilities and afforded the Veteran another VA examination in April 2019. The Veteran reported flare-ups with standing and walking. The examiner noted the Veteran’s bilateral hallux valgus had mild to moderate symptoms and pain on movement. Pain on weight-bearing contributed to functional loss. The pain increased with prolonged activity. The examiner noted that there was no change in the diagnosis of any of the disabilities, to include the diagnosis of left foot osteoarthritis secondary to fifth distal phalangeal joints. 

An August 2019 rating decision awarded a 10 percent rating each for left foot hallux valgus, right foot hallux valgus, and left little toe fracture (based on evidence of arthritis and pain) effective May 15, 2018, which is the date the most recent claim for increased ratings was received. 

Analysis

After careful consideration of all the evidence of recording including the Veteran’s lay statement, the Board finds that the Veteran is entitled to earlier effective dates for the 10 percent ratings assigned for his foot disabilities. 

As shown in the procedural history, the Veteran initially filed his increased rating claim on December 14, 2017, for his service-connected right foot hallux valgus. When the Veteran filed subsequent requests for an increased rating in February and May of 2018 and new and material evidence was associated with the claims file, the effective date of December 14, 2017, was preserved as there was no finality with respect to the right hallus valgus disability. 38 U.S.C. § 7105; see also 38 C.F.R. § 3.156(b). The record does not reflect that there were any pending unadjudicated formal or informal claims for an increased disability rating for right foot hallux valgus between the November 2014 rating decision and the December 2017 increased rating claim. The medical evidence dated since December 2017 reflect consistent symptomatology for the Veteran’s right foot hallux valgus, which was described as mild to moderate in severity and noted to include pain with walking and standing, pain when wearing shoes, weakness, and flare ups. See January 2018, March 2018, and May 2018 VA foot examination reports.

Having established December 14, 2017, as the date of the right hallux valgus increased rating claim, the Veteran could still potentially qualify for an even earlier effective date if the evidence establishes that the increase in disability to 10 percent occurred in the year prior to the December 2017 claim. 38 C.F.R. § 3.400(o)(2). 

Based on the evidence, the Board finds that an increase in the Veteran’s right foot hallux valgus disability had not occurred during the year prior to the December 2017 claim. The record lacks any medical or lay evidence whatsoever for the one-year look-back period from December 14, 2017, that addresses the severity of the Veteran’s hallux valgus or his pertinent symptomatology. Indeed, there is no mention of the Veteran’s right foot hallux valgus disability until he filed his December 2017 increased rating claim. Thus, there is no basis to grant an earlier effective date prior to December 14, 2017, for the assignment of the 10 percent rating for the right foot disability. 

Regarding left foot hallux valgus, the procedural history shows that the Veteran filed an informal claim for an increased rating on February 16, 2018. The claim was adjudicated in the April 2018 rating decision but did not become final due to the receipt of additional evidence within a year of the rating decision. 38 C.F.R. § 3.156(b). As February 16, 2018, is the date of the increased rating claim for the left foot hallux valgus disability, the Board must determine whether the disability increased in severity during the one-year look-back period prior to the claim. Here, the January 12, 2018, VA foot examination report is the only evidence from that time period that addresses the severity of the left foot hallux valgus. As described above, the January 2018 clinical findings for the left foot hallux valgus are consistent with the clinical findings that later prompted the assignment of a 10 percent rating in the August 2019 rating decision. The medical evidence dated from January 12, 2018, show that the left foot hallux valgus disability was also manifested by pain with walking and weight-bearing, pain with wearing shoes, and weakness, symptoms which were characterized as mild to moderate in severity. As such, the Board finds that a 10 percent rating is warranted for left foot hallux valgus from January 12, 2018, but no earlier. There is no medical or lay evidence dated between the November 2014 rating decision and the January 2018 VA foot examination regarding the left foot hallux valgus disability to warrant an even earlier effective date.

The procedural history clearly shows that the Veteran first filed a claim for service connection for the left little toe fracture disability on February 16, 2018. There is no evidence of a claim, formal or informal, for the left toe disability prior to this date, and the Veteran has not alleged otherwise. After service connection was granted and an initial noncompensable rating was assigned for the disability in the April 2018 rating decision, additional evidence was associated with the claims file, thereby preventing the finality of the April 2018 rating decision. See 38 C.F.R. § 3.156(b). Therefore, the Board must consider whether the increased, 10 percent rating is warranted for the left toe fracture disability from the date of the claim seeking service connection. See 38 C.F.R. § 3.400. The earliest evidence dated immediately following the Veteran’s initial claim consists of the March 2018 VA examination report, which notes the Veteran’s left toe fracture was manifested by pain. Although an increased, 10 percent rating was assigned for the disability from May 2018 based on evidence of arthritis with continued reports of pain, resolving all doubt in the Veteran’s favor and given the nature of these clinical findings, the Board believes that these manifestations of the left toe fracture were likely present when the Veteran filed his benefits claim in February 2018. Given this, the evidence is at least in relative equipoise as to whether the Veteran’s left toe fracture was manifested by the similarly severe symptomatology at the time of his February 2018 claim. Reasonable doubt is resolved in favor of the Veteran in this regard, and the Board finds that a 10 percent rating is warranted for the left toe fracture disability since the award of service connection, February 16, 2018. 

In sum, earlier effective dates of December 14, 2017, January 12, 2018, and February 16, 2018, are warranted for right foot hallux valgus, left foot hallux valgus, and left little toe fracture, respectively. 

 

 

DELYVONNE M. WHITEHEAD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Harris, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.