﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 210406-149959
DATE: April 30, 2021

ORDER

An earlier effective date of August 19, 2018, for the 70 percent evaluation assigned to posttraumatic stress disorder (PTSD) and generalized anxiety disorder (anxiety) is granted.

FINDING OF FACT

1. In an October 2019 rating decision, the RO granted an increased evaluation of 70 percent for the Veteran’s PTSD and anxiety, effective August 19, 2019.

2. The evidence of record reflects the Veteran met the criteria for a 70 percent evaluation for PTSD beginning August 19, 2018.

CONCLUSION OF LAW

The criteria for an effective date of August 19, 2018, for the evaluation of 70 percent for PTSD and anxiety, has been met. 38 U.S.C. §§ 5103, 5107, 5110; 38 C.F.R. §§ 3.400, 20.302, 20.1103.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the United States Marine Corps from May 1966 to May 1970. For his meritorious service, the Veteran was awarded (among other decorations) the Combat Action Ribbon, Air Medal, Vietnam Campaign Medal, and Vietnam Service Medal. 

This case comes before the Board of Veterans’ Appeals (Board) on appeal from a November 2020 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). 38 C.F.R. § 20.301. This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

On July 10, 2020, the Veteran filed VA Form 20-0996 Request for Higher Level Review. The Veteran noted the specific issue he was appealing was the effective date award. The RO issued a rating decision in November 2020, denying an earlier effective date for the 70 percent evaluation for PTSD and anxiety. In the April 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

1. An earlier effective date of August 19, 2018 for the 70 percent evaluation assigned to PTSD and anxiety is granted.

The Veteran is seeking an effective date earlier than August 19, 2019 for his 70 percent evaluation assigned to PTSD and anxiety.

Unless specifically provided otherwise in the statute, the effective date of an award based on an original claim for compensation benefits shall be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. For increased rating claims, an effective date for an increase may be granted up to one year prior to the claim if it is factually ascertainable that an increase in disability occurred during that period. Harper v. Brown, 10 Vet. App. 125 (1997); 38 C.F.R. § 3.400 (o)(2); VAOPGCPREC 12-98 (Sept. 23, 1998). A reopened claim is any application for a benefit received after final disallowance of an earlier claim. 38 C.F.R. § 3.160 (e).

Regarding the award of an increased rating for compensation, the effective date shall be the earliest date that it is factually ascertainable that an increase in disability had occurred, if a claim is received within one year from that date. 38 U.S.C. § 5110 (b)(2); 38 C.F.R. § 3.400 (o)(2). The increase in disability must have occurred during the one-year period prior to the date of the Veteran’s claim in order to receive the benefit of an earlier effective date. See Gaston v. Shinseki, 605 F.3d 979 (Fed. Cir. 2010).

Briefly, the procedural history of the Veteran’s claim must be addressed. A February 2019 Board decision granted entitlement to service connection for PTSD. An April 2019 rating decision was issued for service connection for PTSD, granting a 10 percent evaluation, effective March 26, 2013. The Veteran filed an August 2019 claim seeking an increased evaluation for PTSD. In an October 2019 rating decision, the Veteran was granted an evaluation of 70 percent for PTSD and anxiety, effective August 19, 2019, the date he filed the claim for an increased evaluation. 

The Veteran contends his 70 percent evaluation should date back to his original effective date for service connection for PTSD and anxiety, March 26, 2013. Unfortunately, the Veteran failed to file a notice of disagreement to the October 2019 rating decision, instead the Veteran filed VA Form 20-0996, Decision Review Request, Higher Level Review. The April 2019 rating decision became final. See 38 U.S.C. § 7105 (c); 38 C.F.R. § 20.1103.

The Board acknowledges the Veteran’s contention that his earlier VA examination in August 2014 was inadequate. The Veteran reported in his Request for Higher Level Review that the Veterans Law Judge stated the VA examination should be “tossed out.” The February 2019 Board decision granted entitlement to service connection for PTSD and found the VA opinion was entitled no probative weight in the determination to grant entitlement to service connection for PTSD. The Veteran underwent an informal conference in November 2020, and he contends he was never properly evaluated, and his higher evaluation should go back to the date he first filed his claim. 

Given the above, the Veteran is seeking an earlier effective date stemming from a final rating decision. Only a request for revision based on clear and unmistakable error (CUE) can result in the assignment of an effective date earlier than the date of a final decision, as free-standing claims for earlier effective dates vitiate the rule of finality. Rudd v. Nicholson, 20 Vet. App. 296 (2006). The Veteran has not asserted CUE in this case. 

To raise a valid CUE claim, the Veteran must first identify the alleged error in fact or in law with some degree of specificity and then provide persuasive reasons as to why the result, to which reasonable minds could not differ, would have been manifestly different but for that error. See Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993). The Veteran may raise CUE at any time. See 38 C.F.R. § 3.105(a). However, as CUE has not been asserted here and the April 2019 rating decision is final, the Board is bound by the laws and regulations that apply to Veterans’ claims and cannot address the Veteran’s contentions that his 70 percent evaluation for PTSD should date back to the original effective date of March 26, 2013. The Board finds that an earlier effective date back to when the claim was file for an evaluation of 70 percent for PTSD and anxiety is legally precluded. 

As noted above, the Veteran filed his VA Form 20-0996 Request for Higher Level Review in July 2020 seeking an earlier effective date. The October 2019 rating decision granted a 70 percent evaluation, effective August 19, 2019, the date the claim for increased evaluation for PTSD and anxiety was received.

The Veteran’s VA treatment records document his treatment any reported symptoms of PTSD and anxiety. Reviewing the Veteran’s VA treatment records, VA hearing testimony, and buddy statements for the one year period prior to warrant an earlier effective date for his 70 percent evaluation, the Board finds the evidence of record to be consistent with an earlier effective date of August 19, 2018. 

For the relevant period on appeal, beginning August 19, 2018, the Veteran’s VA treatment records reflect reports of anxiety. The Veteran was seen in February 2019 for a mental health appointment. The VA physician noted the Veteran was very anxious and irritable. The Veteran’s wife stated the Veteran isolates from the family. The Veteran reported flashbacks and he is quick to anger. The Veteran denied suicidal or homicidal ideation but did express frustration and aggravation with the “whole process.” The Veteran reported he experiences paranoia, especially at night. He reported he can sleep with sleep aids. 

The Veteran’s friends and family members also submitted buddy statements. The buddy statements consistently report the Veteran changed upon his separation from service. The buddy statements report the Veteran is nervous, has anxiety attacks, and that the Veteran cannot enjoy his grandchildren’s sports games anymore. Other buddy statements discussed the Veteran’s flashbacks, nightmares, and fear of crowds. The Veteran’s son wrote that the Veteran is disturbed by loud noises, he is nervous, angry, anxious, and he isolates himself; the Veteran’s son reported this has gotten worse. His wife’s buddy statement reported his sleep problems, nightmares, dislike of crowds, and nervous tendencies. She reported he cannot drive now because he was so nervous and afraid he would not make it home. 

The Veteran testified at a February 2019 Board hearing. The Veteran testified to flashbacks, sleep issues, and social issues. His wife testified that he gets irritated with her because she has hearing issues. The Veteran also testified about his concerns of loud noises and his work history. He reported he had trouble adjusting to working in the public sector, he reported he does better as a farmer, working on his own.

The use of the phrase “such symptoms as,” followed by a list of examples, provides guidance as to the severity of symptoms contemplated for each rating, in addition to permitting consideration of other symptoms, particular to each veteran and disorder, and the effect of those symptoms on the claimant’s social and work situation. Mauerhan v. Principi, 16 Vet. App. 436, 443 (2002). Because “[a]ll nonzero disability levels [in § 4.130] are also associated with objectively observable symptomatology,” and the plain language of this regulation makes it clear that “the veteran’s impairment must be ‘due to’ those symptoms,” “a veteran may only qualify for a given disability rating under § 4.130 by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration.” Vazquez-Claudio v. Shinseki, 713 F.3d 112, 116-17 (Fed. Cir. 2013). Although a veteran’s symptoms are the “primary consideration” in assigning a rating under § 4.130, the determination as to whether the veteran is entitled to a disability evaluation must also require an ultimate factual conclusion as to the veteran’s level of impairment. Id. at 118. 

When evaluating a mental disorder, the rating agency shall consider the frequency, severity, and duration of psychiatric symptoms, the length of remissions, and the Veteran’s capacity for adjustment during periods of remissions. 38 C.F.R. § 4.126 (a). The rating agency shall assign an evaluation based on all the evidence of record that bears on occupational and social impairment rather than solely on the examiner’s assessment of the level of disability at the moment of the examination. Id. However, when evaluating the level of disability from a mental disorder, the rating agency will consider the extent of social impairment, but shall not assign an evaluation on the basis of social impairment. 38 C.F.R. § 4.126 (b). 

The record reflects the Veteran’s symptoms, including his panic attacks, anxiety, sleep impairment, flashbacks, nightmares, irritability, and anger, are productive of occupational and social impairment is characterized by deficiencies in most areas, such as work, school, family relations, judgement, thinking, and mood beginning August 19, 2018. If an increase in disability precedes the claim by a year or less, the date that the increase is shown to have occurred and is factually ascertainable, the effective date of an increase is warranted. As noted above, the Board cannot go back to the date requested by the Veteran, March 26, 2013. Based on the evidence discussed above, August 19, 2018 is the earliest effective date available. The Board is bound by the law, it is without authority to grant benefits simply because it might perceive the result to be equitable. 

(Continued on the next page)

 

In sum, the Veteran is entitled to an earlier effective date of August 19, 2018 for the 70 percent evaluation for PTSD and anxiety.

 

 

J. NICHOLS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Mouzakis, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.